# Totten & Brother *v.* Sale & Co.

## Contest of Claim of Exempt Personal Property.

1. *Claim of exempt personal property; how contested.*—When a declaration and claim of exemption in and to specific articles of personal property has been filed in the office of the judge of probate of the county, a levy can not lawfully be made upon the property (Code, § 2830), unless the plaintiff in the process first makes affidavit and gives bond as prescribed by the statute; and if a levy is made without the performance of these conditions precedent, it will be set aside on motion.

2. *Same.*—If a bond is not given before or at the time of the levy, it can not be subsequently supplied on the hearing of a motion to set aside the levy; and a bond of indemnity, given to the sheriff for his own protection in making the levy, is not a compliance with the statute.

3. *Revision of judgment on facts.*—When a question of fact, arising on the hearing of a motion, is necessarily submitted to the decision of the court without the intervention of a jury, the decision will not be reversed by this court on appeal, unless it is clearly erroneous.

APPEAL from the Circuit Court of Madison.

Tried before the Hon. H. C. SPEAKE.

This was a motion to set aside the levy of an attachment on certain personal property, described in the levy as "one bay mare, about five or six years old, and one spring wagon." The attachment was in favor of W. W. Totten & Brother, against M. S. Sale & Co.; and the levy was made on December 10th, 1881. The motion to set aside the levy was made by M. S. Sale individually, the grounds on which it was made being thus stated: "1st, because the attachment was not issued and said levy made according to law; 2d, because said levy was made upon personal property of said defendant, which had been previously claimed as exempt by him under the constitution and laws of Alabama, by sworn declaration of exemption filed in the office of the Probate Court of said county, as required by section 2828 of the Code, before plaintiffs had made affidavit and bond as required by section 2830 of the Code." On the hearing of the motion, as the bill of exceptions shows, the defendant introduced in evidence his declaration and claim of exemption, which was filed in the office of the probate judge, duly verified

by affidavit, on the 9th December, 1881; and in which the property afterwards levied on was particularly specified. The plaintiffs then introduced "the affidavit and bond for attachment, the forthcoming 'bond, and the affidavit contesting said claim of exemption." The affidavit contesting the claim of exemption, as copied in the bill of exceptions, is marked "Filed August 16th, 1882;" while the forthcoming bond, which recites that "said claim of exemption has been contested by said plaintiffs," is dated December 16th, 1881. The plaintiffs introduced in evidence, also, as the bill of exceptions then recites, "the other papers in said cause"—namely, the summons and complaint, issued December 10th, 1881; the defendant's pleas in abatement, which were overruled, and pleas in bar then filed; an affidavit and claim of exemption, sworn to and filed on 6th February, 1882; an affidavit by plaintiffs' attorney, made and subscribed on the 10th December, 1881, contesting the claim of exemption filed on the 9th December, 1881; and an indemnifying bond given to the sheriff, dated December 10th, 1881. The indemnifying bond recites the levy of the attachment, the claim of exemption made and filed on the 9th December, the contest of this claim by the plaintiffs, and their direction to the sheriff to make the levy; and is conditioned to save the sheriff harmless on account of the levy. The sheriff's legal adviser, who was examined as a witness for the defendant, testified that the affidavit contesting the claim of exemption was made after the giving of the indemnifying bond; while the sheriff testified, "that said indemnifying bond was, according to his recollection, given to him before the making of the affidavit contesting the claim of exemption, and was required by him before he would retain the property, which was already held by him under a prior levy in favor of O. R. Hundley; and that he refused to retain the property, unless such affidavit and bond was made and lodged with him." The plaintiffs' attorney then testified, that when he went to the sheriff's office with the attachment papers, and there ascertained that there was a 'prior levy in favor of Hundley, "while the effect of said prior levy was being discussed, a note was received from Hundley releasing his levy, and ordering the restoration of the property to said defendant; that he thereupon immediately directed the sheriff to levy the attachment in favor of plaintiffs; and that, according to his best recollection, the affidavit of contest was made and lodged with the sheriff, and said indemnifying bond was given, after said levy was made by the sheriff." The plaintiffs then offered, before the court decided the motion, "to make and execute any bond that the court might require or allow;" but the court refused to allow any bond to be then given, and sus-

[Totten & Brother v. Sale & Co.]

tained the motion to set aside the levy.    The plaintiffs excepted to each of these rulings, and now assign them as error.

HUMES, GORDON & SHEFFEY, for appellants.

D. D. SHELBY, and O. R. HUNDLEY, *contra*.

BRICKELL, C. J.—Upon personal property claimed as exempt from levy and sale for the payment of debts, if a declaration and claim of exemption has been filed in the office of the judge of probate of the county in which it is situate, a levy can not be made, unless the plaintiff in the process proposed to be levied, make affidavit, and give bond, as prescribed by the statute.—Code of 1876, § 2830.    The making of the affidavit, and giving the bond, are conditions precedent to a valid, lawful levy.    A levy made without observing them is invalid and illegal, and may, on motion, be set aside by the court.    There is some conflict in the evidence, whether the affidavit contesting the claim of exemption was not made and filed before, or contemporaneously with the levy.    If the Circuit Court determined that the affidavit was not made and filed until after the levy, unless, on this question of fact, the decision was manifestly wrong, the judgment could not be reversed.    When questions of fact are necessarily submitted to the decision of a primary court, without the intervention of a jury, the decision will not on error be reversed, unless clearly erroneous.—*Dane v. Mayor*, 36 Ala. 304.    However that fact may be, it is undisputed, that the plaintiffs did not make a bond payable to the defendant claiming the exemption, as required by the statute, before or at the time of the levy.    The only bond executed, was a bond payable to the sheriff, exacted by him for his own protection and immunity, which was not intended to serve, and can not be made to serve, the purposes of the bond required by the statute.    The bond not having been given before, or at the time of the levy, could not be given subsequently, on the hearing of a motion to set aside the levy.

Affirmed. .