# Kennedy *v.* Smith.

*Motion for Summary Judgment Against a Sheriff and Sureties on Official Bond.*

| 99 | 83 |
| 121 | 612 |
| 99 | 83 |
| 130 | 317 |
| 99 | 83 |
| 143 | 474 |

1. *Exemptions; the definition of personal property as used.*—The words "personal property," as used in the exemption laws, have a comprehensive signification, and as construed, embrace everything which is the subject of ownership, not realty or an interest in realty.

2. *Same; a debt subject thereto.*—A debt due the defendant in execution, is personal property within the meaning of the statute (Code, § 2511), and subject to a claim of exemption, to the amount allowed by statute; and that such a debt was secured by lien on other personal property, of greater value than $1,000, does not affect the claimant's right to claim said debt as exempt.

3. *Same; not increased by claim under a lien to property to secure a debt.*—Where personal property is levied on as the property of a defendant in execution, who files a claim of exemptions to a debt of $1,000, the fact that he claims, in addition to said debt, whatever

[Kennedy v. Smith.]

right he had in the property levied on to secure the debt, adds nothing to the amount claimed as exempt; since, in no way, could the defendant, under his lien, derive from the property more than the $1,000.

4. *Prima facie liability of sheriff for the discharge of a levy.*—The fact that property was levied on under an execution as the property of the defendant, imposes a *prima facie* liability on the sheriff to the plaintiff, for the value of the property, not to exceed the injury plaintiff might sustain from the discharge of the levy; but in the absence of other proof, the statement in the exemption claim, which was offered in evidence by the plaintiff, that the only claim the defendant had to the property levied upon was a lien to secure the debt, overcomes the *prima facie* liability of the sheriff.

5. *Burden of proof on plaintiff to show that defendant had other property in the County.*—If the defendant in execution has a leviable interest in any other property in the county than that levied upon, the burden is upon the plaintiff to prove such fact, and that the sheriff could, with due diligence, have made the money due on the execution by a levy on such property.

6. *Lien on personal property not subject to levy and sale under execution.*—A mere lien on property, in favor of the defendant in execution, is not subject to levy and sale under such execution, since a lien is not "personal property of the defendant," within the meaning of the statute. (Code, § 2892 )

7. *Burden of proof on sheriff to show property not subject to execution.* In a proceeding against the sheriff for a failure to collect money under an execution, where the sheriff has been indemnified, he assumes, by failing to sell, the burden of showing that the property was not subject to levy and sale under the execution.

8. *Failure of plaintiff to file a contest of exemption; duty of sheriff to discharge the levy.*—When a claim of exemption has been filed with the sheriff to property levied on under execution, and due notice thereof given to the attorney or plaintiff in execution, and the latter fails to file a contest within the time prescribed by law, the right of the sheriff to sell under the execution ceases, notwithstanding the indemnity, and it becomes mandatory upon the sheriff under the terms of the statute, (Code, § 2521), to discharge the levy.

9. *The right of sheriff to disregard a claim of exemption.*—A sheriff has no power to pass on the sufficiency of a claim of exemption, and can disregard no claim, unless interposed by the defendant in an execution on a judgment based on a tort, or other demand against which the statute does not authorize a claim of exemption to be interposed.

10. *Inadmissible evidence.*—A letter written by an attorney for the plaintiff in execution, forbidding the release of property from the levy of execution, can have no effect upon the duty of the sheriff, and is inadmissible in evidence.

11. *The signature of presiding judge to charges given and refused.* The statute, (Code, § 2756), does not require the presiding judge to sign his name in full, in marking a charge "Given" or "Refused;" or to add his title to his name in such cases.

APPEAL from the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The facts of the case are sufficiently stated in the opinion.

XCIX.

RICHARDSON & REESE, for appellant.—The claim of exemption was defective, and the sheriff should have regarded it as a nullity and sold the property thereunder.—Code of 1886, §§ 2526, 2533; *Myers v. Conway*, 90 Ala. 109; *Tonsmere v. Buckland*, 88 Ala. 312; *Ex parte Redd*, 73 Ala. 548; *Ex parte Barnes*, 84 Ala. 540.

TOMPKINS & TROY, and JOHN A. ELMORE, *contra*, cited *Daniels v. Hamilton*, 52 Ala. 105; *Block v. Bragg*, 68 Ala. 291; *Alley v. Daniel*, 75 Ala. 403; *Ex parte Haralson*, 75 Ala. 543; *Abbott v. Gillespy*, 75 Ala. 180; Code of Alabama, §§ 2522–2523.

THORINGTON, J.—This is a summary proceeding under the statute, instituted by appellant against appellee, and the sureties on his official bond, as sheriff of Jefferson county; the grounds of the motion being that appellee, Smith, as such sheriff, failed to make the money on an execution in his hands in favor of appellant against one W. M. Nalls, which by due diligence he could have made.

Appellant's attorneys, on placing the execution in the hands of the sheriff, required him to levy the same on certain machinery in Jefferson county as the property of said Nalls. The property being claimed by a third party, the sheriff demanded indemnity from appellant, the plaintiff in the execution, which being given, the levy was duly made. Within the time required by the statute the defendant in execution, W. M. Nalls, filed a claim of exemption with the sheriff, in which he claimed as exempt a debt of one thousand dollars due him by the firm of Nalls & Baker (of which defendant was not a member), secured by lien on the machinery levied on under the execution. The exemption claim described the machinery specifically, giving the value of each separate item, and claimed as exempt whatever interest the defendant in execution had in said property as security for his said debt of one thousand dollars, which claim was duly verified by defendant's affidavit and lodged with the officer before a sale of the property. Of the filing of this exemption claim the attorney of the execution creditor was duly notified.

At the time of the levy the sheriff also had in his hands an execution against the same defendant in favor of another judgment creditor, which was levied on the same property, after the levy under the execution first above mentioned, and both executions were controlled by the same attorney and levied under his directions. A contest of the exemption

claim was duly filed by the attorney for the plaintiff in the second execution, but no contest was filed in the case in which appellant is the plaintiff in execution. After the lapse of ten days from the date of the levy under appellant's execution, the sheriff released the levy, and delivered the property levied on to the defendant in execution. In his return to the City Court of Montgomery, whence the execution issued, it is stated that a contest was filed in that case, and that neither defendant nor plaintiff having given bond, as they were severally authorized by the statute to do, the levy was discharged by the sheriff, and the property delivered to defendant in execution; but the bill of exceptions shows that no affidavit of contest was in fact filed in this case.

Appellant's attorneys, before the levy was so discharged by the sheriff, wrote a letter to such sheriff insisting that the claim of exemption was informal and void, and notifying him not to discharge the levy, also informing him of the pendency of certain chancery proceedings, to which the sheriff had been made a party, and in which a restraining order was sought to prevent him from selling the property, and which proceedings, the writer of the letter claimed, created a lien on the property, and imposed on the sheriff the duty of holding the property subject to the Chancery Court's decree. This letter is shown to have been duly mailed, post-paid; but the sheriff testified that he has no recollection of having received or heard of it. It appears from the date to have been mailed at Montgomery to the sheriff at Birmingham on the same day the levy was released. Appellant's counsel notified appellee to produce the original letter at the trial in this case, and on the failure of appellee so to do, appellant's counsel offered in evidence a letter-press-copy thereof, to the introduction of which appellees objected, and the objection being sustained by the court, appellant reserved an exception.

It was shown by appellees that the sheriff endeavored to find other property of defendant in his county, but was unable to do so.

Appellant, on the trial, insisted that the claim of exemption was void, and that the sheriff should have disregarded it, and also that the value of the machinery being shown to exceed the amount of the debt claimed as exempt; the sheriff should have sold for such excess; and the charges asked in his favor and refused by the court are based on that contention. The court, at the request of appellees, gave the general charge in their favor.

xcix.

[Kennedy v. Smith.]

It has often been decided by this court, that the exemption laws, being founded in a spirit of humanity, are to be liberally construed, and that the words "personal property," as used in such laws, have a comprehensive signification, and that they embrace everything which is the subject of ownership, not being realty or an interest in realty.—*Enzor & McNeil v. Hurt*, 76 Ala. 595. The debt due to the defendant in execution from Nalls & Baker for one thousand dollars was personal property within the meaning of section 2511 of the Code, and subject to the defendant's claim of exemption. That this debt was secured by a lien on personal property worth more than one thousand dollars did not affect the defendant's right to claim it as exempt. The lien itself is neither a *jus ad rem* nor a *jus in re.* It is neither a right of property in the thing, nor a right of action for the thing. It necessarily supposes the property to be in some other person, and not in him who sets up the right to the lien. The fact, therefore, that the defendant in the execution claimed, in addition to the debt of one thousand dollars, whatever right he had in the property to secure it, did not increase the amount claimed as exempt beyond the statutory limit of one thousand dollars. It added nothing whatever to the amount of the exemption claimed. Whatever the value of the property on which the lien existed may have been, the defendant could not, under his lien, have derived from the property more than the one thousand dollars. Had an excess over and above the debt been realized from the security, such excess would have been the property of Nalls & Baker, and not of W. M. Nalls, the defendant in execution.

We discover nothing in the testimony or record to support the contention of appellant's counsel, that the machinery levied on belonged to W. M. Nalls, the defendant in the execution. The mere fact that it was levied on under the execution as his property may have imposed a *prima facie* liability on the sheriff to the plaintiff in execution for the value of the property, not exceeding the injury the plaintiff might sustain from a discharge of the levy, but in the absence of other proof, we must accept the statement in the exemption claim, which was offered in evidence by appellant himself, that the only claim W. M. Nalls had upon the machinery was as security for his one thousand dollar debt, and this statement overcomes the *prima facie* liability of the sheriff above mentioned. If the defendant in the execution had any leviable interest in any other property in appellees' county, the burden was upon appellant to prove

such fact, and that appellee Smith, as such sheriff, could, with due diligence, have made the money due on the execution.

The mere lien on the property in favor of the defendant in execution was not subject to levy and sale under execution, it not being "personal property of the defendant" within the meaning of the statute.—(Code, § 2892.)

The discharge of the levy by the sheriff did not, therefore, work any harm or injury to the plaintiff in the execution. But, inasmuch as the sheriff had been indemnified by the plaintiff in execution, and who demanded the sale of the property under the execution, the sheriff, by failing to sell, assumed the burden of showing that the property was not subject to the execution, and this it was competent for him to do by showing that some legal restraint was imposed upon the sheriff against the making of such sale.—*Mathis v. Carpenter*, 95 Ala. 156; 10 So. Rep. 341. As we have seen, the lien of the defendant in execution upon the property levied on was not subject to levy and sale, but it was property capable of being claimed as exempt within the enlarged meaning of the exemption statute (Code, § 2511), that section having been construed by this court as embracing "everything which is the subject of ownership, not being realty or an interest in realty," and the claim of exemption filed by the defendant in execution with the sheriff was rightfully interposed and embraced such interest or lien as an incident to the debt it was given to secure. A specification of this lien in the claim of exemption was not a claim of exemption to separate property in addition to the debt, but to that which was a part of the debt itself, or that from which the debt was to be realized.

Upon the filing of this claim of exemption with the sheriff and due notice thereof given to the attorney or the plaintiff in execution, and the failure of the latter to file a contest of the exemption claim within the time prescribed by law, the right and duty of the sheriff to sell under the execution ceased, notwithstanding the indemnity, and it became mandatory upon him by the terms of the statute (Code, § 2521,) to discharge the levy, and deliver the property to the defendant in execution, from whose possession it appears from the testimony it was taken when the levy was made.

In such case the sheriff has no discretion to disregard the claim of exemptions. The law does not invest him with judicial powers which authorize him to determine the legal sufficiency of the claim of exemption; that is to be done upon a contest instituted pursuant to the statute, and where,

if the claim is insufficient, it may be amended, and a trial of its validity obtained.—*Block v. Bragg*, 68 Ala. 291; *Abbott v. Gillespy*, 75 Ala. 180. The only case in which the sheriff can disregard a claim of exemption, however informal or irregular, interposed by a defendant in execution within the time prescribed by the statute, is where the execution is issued upon a judgment based upon tort, or other demand against which the statute does not authorize a claim of exemption to be interposed. It has been held by this court, that where it appears from the face of the papers the case is one not governed by the exemption laws, it is the duty of the sheriff to disregard the claim of exemption, and to proceed with the sale of the property. All the authorities cited by appellant's counsel on this point come within this class, and consequently have no application to the case at bar.

The letter written to the sheriff by the attorneys for the plaintiff in execution, forbidding the release of the property from the levy, could have no effect upon the duty of the sheriff in the premises. The law points out the mode by which the plaintiff in execution could have preserved the levy after the filing of the exemption claim and notice thereof to the plaintiff or his attorney, and that is by the contest of such claim duly instituted pursuant to the statute. This mode is exclusive, and the letter by which plaintiff's attorneys sought to accomplish that purpose, being wholly ineffectual, there was no error in the refusal of the court to permit its introduction in evidence.—*Block v. Bragg, supra.*

Without considering specifically the other exceptions, which arise upon the instructions given or refused by the court, it is only necessary to add, the proof fails to show that the defendant in execution had any property in Jefferson county from which appellee Smith, as sheriff of such county, could by due diligence have made the money due on appellant's execution, and for that reason the general charge was properly given at the request of appellee.—3 Brick. Dig. p. 405, § 22.

There is nothing of which appellant can complain in this court in the failure of the presiding judge to sign his name in full upon the charges marked by him "Given" or "Refused." It does not appear that the exception on this ground was taken before the jury retired, when the omission might have been supplied, and it does not appear that any injury resulted therefrom to appellant. Mere error without injury will not work a reversal in this court. Furthermore, the exception is "to the action of the court in not writing out his name and attaching thereto the title, Judge," while the statute

[Root v. Johnson.]

only requires the presiding judge in marking a charge "Given" or "Refused" to sign his *name* thereto. There is no requirement that he shall add his *title*. The exception, therefore, is too broad, and can not avail.—Code. of 1886, § 2756.

The judgment of the City Court must be affirmed.