514 So.2d 1380 (1987)
Ex parte Cassie AVERY.
(Re Cassie AVERY v. EAST ALABAMA MEDICAL CENTER.)
85-272.
Supreme Court of Alabama.
July 31, 1987.
Faith R. Cooper and Margaret S. Childers of Legal Services Corp. of Alabama, Montgomery, for petitioner.
Joe S. Bailey of Samford, Denson, Horsley, Pettey, Martin & Barrett, Opelika, for respondent.
ADAMS, Justice.
This case involves the respective rights of creditors and debtors in a garnishment proceeding. Plaintiff, East Alabama Medical Center, agreed to a consent judgment with defendant, Cassie Avery, in the amount of $329.55, for medical services provided to Avery. On November 14, 1983, *1381 the Lee County District Court entered judgment in that amount, but the judgment was without waiver of Avery's right to select and claim exemptions from process for the collection of any debts incurred.
On December 5, 1983, a writ of garnishment was directed at Avery's employer, the AMPEX Corporation. As a result, Avery exercised her statutory right to select and claim $3,000.00 worth of personal property as exempt from garnishment or other levy, pursuant to Code of Alabama 1975, § 6-10-6. On December 7, 1983, Avery filed a claim of exemptions, and on February 2, 1984, she amended her claim. Included in the claims both times were $2,200.00 in tangible personal property and wages up to $800.00 per month. East Alabama Medical Center did not file a contest challenging the validity or accuracy of the claims of exemptions or inventory.
On January 3, 1984, Avery filed a motion to quash the writ of garnishment. In support of this motion, she maintained that the wages subject to the writ constitute exempt personal property pursuant to § 6-10-6. On February 24, 1984, the district court issued an order setting aside exemption, which, inter alia, denied the motion to quash. Avery then appealed, and the Court of Civil Appeals affirmed the district court's judgment denying the motion to quash the writ of garnishment. The Court of Civil Appeals found that the writ of garnishment could not be quashed because future wages can be garnished, but cannot be claimed as exempt, under Alabama law.
We granted certiorari in this case to review the Court of Civil Appeals' holding that future wages cannot be included in exemptable property. We are of the opinion that the Court of Civil Appeals erred in this regard, and we reverse its judgment.
Before addressing the issue upon which the writ of certiorari was granted, we point out that the judgment of the Court of Civil Appeals affirming the denial of the motion to quash the writ of garnishment is due to be reversed for another reason: East Alabama Medical Center failed to contest the claim of exemption and, therefore, precluded itself from questioning that claim on appeal. Section 6-10-6, provides for the filing of declarations of claimed exemptions. Section 6-10-23, Code 1975, states:
After the filing of such declaration, the claim of exemption therein asserted shall be taken and considered as prima facie correct, and the filing thereof shall operate as notice of its contents.
Moreover, § 6-10-24 provides:
After such declaration of claim has been filed for record, the property therein embraced shall not be subject to levy unless there is endorsed on the process the fact that there has been a waiver of exemption as to the kind of property on which the levy is sought to be made or the claim is contested. [Emphasis added.]
As we have previously stated, Avery filed no waiver of exemption. Thus, the property cannot be subject to levy unless the creditor, East Alabama Medical Center, filed a contest of the claimed exemptions. This Court has held that a contest is the exclusive method of preserving a levy after a claim of exemption is filed, Kennedy v. Smith, 99 Ala. 83, 11 So. 665 (1892); and that a claim of exemption, unless properly contested, must be upheld and the levy or other process released. Totten & Bros. v. Sale & Co., 72 Ala. 488 (1883); Poole v. Griffith, 216 Ala. 120, 112 So. 447 (1927).
Since East Alabama Medical Center did not properly contest the claim of exemptions, its writ of garnishment should have been quashed.
Our holding in this regard makes a resolution of the issue of whether future wages are exemptable property unnecessary in this case; however, because of the implications of the Court of Civil Appeals' decision on future litigation in this area, we now focus our attention on that issue.
In its opinion, the Court of Civil Appeals recognized that a writ of garnishment should be quashed if there is no garnishable property, citing Harris v. National Bank & Trust Co., 406 So.2d 968 (Ala. Civ.App.1981). The court found that there *1382 was garnishable property in this case, in the form of future wages, pursuant to Code of Alabama (1975), § 6-10-7. We are of the opinion that the court was correct in this regard. However, the court went further to find that future wages could not be claimed as exempt under § 6-10-6, reasoning that "property" under § 6-10-6 could not be found to include future wages without specific legislative enactment. Such specific legislative enactment is found in Code of Alabama (1975), § 6-10-37, which allows for the claiming of exemptions in the garnishment contest. The statute begins:
When money, choses in action or personal property are garnished and the defendant claims the same, or any part thereof, as exempt, he shall file his claim thereto in writing....
It is the opinion of this Court that this section contains a clear expression of the legislative intent that property which can be garnished can also be claimed as exempt. A different result would be untenable.
The purpose of the exemption laws is to protect the debtor and his family from being deprived of the items necessary for subsistence, and possibly to prevent them from becoming a burden upon the public. Broadway v. Household Finance Corp. of Huntsville, 351 So.2d 1373 (Ala.Civ.App. 1977). The decision of the Court of Civil Appeals in the case at bar thwarts this purpose. The holding of the Court of Civil Appeals gives an undue advantage to the creditor, albeit the statutes were designed to protect the debtor. This Court has held on numerous occasions that exemption laws must be liberally construed. See Enzor v. Hurt, 76 Ala. 595 (1884); Kennedy v. Smith, 99 Ala. 83, 11 So. 665 (1892); McPherson v. Everett, 277 Ala. 519, 172 So.2d 784 (1965). In the context of the garnishment and exemption laws, courts of this state should be concerned with the rights of the debtor, as the creditor is almost always in a better position to protect its interests.
Finally, we have been presented with no justification for allowing a creditor to garnish certain property, but refusing to allow a debtor to claim that property as exempt. Not only is such a result fundamentally unfair, but it is unsupported by our case law and statutes. Therefore, we are of the opinion that future wages can be claimed as exempt, and that, to the extent the judgment of the Court of Civil Appeals is contrary to this holding, it is hereby reversed and the cause remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
JONES, ALMON, SHORES and BEATTY, JJ., concur.
HOUSTON, J., concurs in the result.
TORBERT, C.J., and MADDOX and STEAGALL, JJ., concur in part, and dissent in part.
STEAGALL, Justice (concurring in part, dissenting in part).
I concur in that part of the majority opinion which holds that the writ of garnishment should be quashed due to the failure of East Alabama Medical Center to contest the claim of exemption. However, I dissent from that part of the majority opinion which holds that future wages can be claimed as exempt. I agree with the Court of Civil Appeals that future wages cannot be claimed as exempt under Ala. Code 1975, § 6-10-6, and with its reasoning that "property" as defined under § 6-10-6 does not include future wages without specific legislative authority.
TORBERT, C.J., and MADDOX, J., concur.