RUSSELL, Judge.
This case involves an appeal from a dismissal of a process of garnishment issued by the State of Alabama Department of Revenue (Department).
The Department issued a writ of garnishment based on a 1983 tax assessment against Janice P. Stanfield (taxpayer). The taxpayer then filed a contest of the garnishee’s answer, pursuant to § 6-6-459, Ala. Code 1975, as well as a claim of exemption of all her property, including wages, with the circuit court. The court dismissed the garnishment and ordered the Department to remit sums already collected from the taxpayer due to failure to comply with Rule 64B, Alabama Rules of Civil Procedure. The Department appeals. We affirm.
The dispositive issue is whether the circuit court had jurisdiction so that the Rules of Civil Procedure had proper application.
At the outset, we note that Rule 64B, A.R.Civ.P., outlines the procedure for filing claims of exemption from garnishment and for contesting the claims of exemption. It provides, in pertinent part, that, after the defendant (here the taxpayer) files a claim of exemption, the plaintiff (here the Department) may contest the claim and further provides:
“If the plaintiff fails to make timely contest after notice of the defendant’s claim *520 of exemption, after fifteen (15) calendar days from the filing of such claim, the process of garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.”
The importance of properly contesting a claim of exemption was addressed in Ex parte Avery, 514 So.2d 1380 (Ala.1987), in which the supreme court stated that “[t]his Court has held that a contest is the exclusive method of preserving a levy after a claim of exemption is filed, and that a claim of exemption, unless properly contested, must be upheld and the levy or other process released.” Id. at 1381 (citations omitted).
The record reveals that the Department entered a final assessment against the taxpayer and her then husband on November 30, 1983. This assessment was not appealed, and the taxpayer does not now challenge the assessment. The Department issued a writ of garnishment in May 1989 to the taxpayer’s employer under the authority of § 40-2-11(17), Ala.Code 1975 (1985 Repl.Vol.). The taxpayer is employed by Colbert Grill and earns $79.25 per week take-home pay. On July 17, 1989, the taxpayer filed a contest of the garnishee’s answer under Ala.Code 1975, § 6-6-459, and a claim of exemption of all property and wages. The Department did not file a response to the claim of exemption until August 9, 1989, some twenty-three days after the petition was filed, thereby causing the dismissal of the process of garnishment under Rule 64B.
The Department contends that “a final assessment not appealed from is as conclusive as the judgment of an ordinary court; therefore, the final assessment and resulting garnishment are outside the subject matter jurisdiction of the circuit court.” (Emphasis in original.) We note, however, that the authorities cited by the Department address only the matter of final assessments and their appeal and do not concern the jurisdiction of the circuit court as to garnishments and claims of exemption.
Section 40-2-11(17), Ala.Code 1975 (emphasis supplied), gives the Department the authority to issue executions and writs of garnishment and states that “upon such executions the sheriff shall proceed as in cases issued out of the circuit court....” Therefore, we look to the garnishment statutes to determine the procedure in garnishment cases issued out of the circuit court.
Section 6-6-459, Ala.Code 1975, provides that the defendant (here the taxpayer) may contest the answer of the garnishee by alleging “in what respect the answer is deficient” and that “an issue must thereupon be made up, under the direction of the court....”
Based on the language in the above-quoted sections, we find that the circuit court had jurisdiction of the taxpayer’s contest of the garnishee’s answer and, therefore, also of her claim of exemption. We further find that the Department was required to contest the claim within fifteen days from the filing of the claim, under the procedure outlined in Rule 64B, and that the trial court’s dismissal of the process of garnishment was proper.
Additionally, the Department contends that a final assessment must be appealed within thirty days and is not thereafter subject to collateral attack in the circuit court. However, as to this contention, we note that the taxpayer is not appealing the assessment, but, rather, is claiming exemptions from the garnishment, over which the court has jurisdiction.
Finally, the Department claims that a tax liability is not a debt as contemplated by the exemption provisions. However, based on our finding above, which we find to be dispositive of this appeal, we pretermit a discussion of this contention.
This case is due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.