RUSSELL, Judge.
This is an appeal from a summary judgment.
John P. Connolly (appellee) was the former owner and operator of a grocery in Florence, Alabama. Pursuant to § 40-23-26, Ala.Code 1975 (1985 Repl.Vol.), he was required to collect and remit Alabama sales tax to the state. As a result of his failure to do so, several tax liens were filed against him pursuant to § 40-29-20, Ala.Code 1975 (1985 Repl.Vol.). Such liens were based on final assessments of the appellee’s tax liability, from which he did not appeal.
Following the Department of Revenue’s (Department) attempted levy against his property, the appellee filed a complaint for declaratory judgment in the Circuit Court of Lauderdale County. Claiming a homestead exemption, he sought a ruling exempting such property from execution. In response, the Department filed a motion to dismiss the complaint.
The appellee then filed a motion for summary judgment, as well as a brief in support of that motion. Subsequently, the Department filed its own motion for summary judgment.
Following an ore tenus hearing, the circuit court granted the appellee’s motion for summary judgment. The Department appeals. We affirm.
On appeal, the Department raises two contentions of error by the trial court. First, it asserts that the circuit court was without jurisdiction to entertain the appel-lee’s complaint for declaratory judgment. Next, the Department maintains that, by perfecting its lien pursuant to § 40-29-20, Ala.Code 1975 (1985 Repl.Vol.), it was not required to contest the appellee’s claim of homestead exemption as prescribed in §§ 6-10-25 and -26, Ala.Code 1975.
Initially, we note that summary judgment is proper only when the trial court determines that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law. McMullin v. AmSouth Bank, 512 So.2d 1382 (Ala.Civ.App.1987). Further *675 more, in reviewing a trial court’s grant of summary judgment, this court must apply the same standard as utilized by the court below. Southern Guaranty Insurance Co. v. First Alabama Bank, 540 So.2d 732 (Ala.1989).
The Department asserts that the circuit court was without jurisdiction to hear the appellee’s request for declaratory judgment due to the fact that the assessment of taxes on which the levy was based was never appealed from as provided for by the Administrative Procedure Act, §§ 41-22-1 through -27, Ala.Code 1975 (1982 Repl. Vol.). We disagree.
In support of this contention, the Department asserts that there are only three methods by which a taxpayer can contest a determination of his tax liability. It is undisputed, however, that the appellee filed no appeal from the Department’s assessments. Nor, in our opinion, did he attempt such an appeal by filing an action for declaratory judgment in the circuit court. Rather, the appellee’s action merely sought an order exempting his homestead from being levied against.
We note that the record reveals that the Department did not timely contest the ap-pellee’s claim that his property is subject to a homestead exemption. The Department received notice of the appellee’s claim of exemption on September 6, 1990. However, no contest to that claim was made as mandated by § 6-10-26, Ala.Code 1975. That section provides that, once a claim of exemption has been filed and notice given to the party seeking to levy and execute on one’s property, that party must contest the claim within ten (10) days or “the levy shall be discharged.” Id.
In Ex parte Avery, 514 So.2d 1380 (Ala.1987), the supreme court stated, “This Court has held that a contest is the exclusive method of preserving a levy after a claim of exemption is filed, and that a claim of exemption, unless properly contested, must be upheld and the levy or other process released.” Id. at 1381 (citations omitted).
Clearly, the Department has failed to follow the exclusive method for preserving its levy following the appellee’s claim of exemption. Consequently, the levy in this case was properly discharged.
Furthermore, we find that the circuit court correctly concluded that, because the Department did not file a timely contest to the appellee’s claim of exemption, the issue of whether the appellee’s tax liability constituted a debt was not properly before it.
Consequently, we find that summary judgment was, in this instance, correct. Therefore, we affirm.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J„ concur.