RUSSELL, Judge.
Minnie Griffin appeals from the denial of her claim for wage exemption, which she filed in response to a wage garnishment. She contends that the contest of her claim of exemption by Bank Street Finance (Finance) was invalid and that wages continue to be exempt under the Constitution of Alabama, § 204, despite the amendment of § 6-10-6, Ala.Code 1975. We reverse and remand.
At the outset we note that when the facts are not in dispute, no presumption of correctness attaches to the trial court’s determination, and this court’s inquiry is whether the relevant law has been correctly applied to the undisputed facts. Birmingham Retirement & Relief System v. Elliott, 532 So.2d 1019 (Ala.Civ.App.1988).
The record reveals that Finance filed a complaint against Griffin in small claims court, claiming that Griffin owed Finance the principal sum of $340. A default judgment was entered against Griffin, and a writ of garnishment against Griffin’s employer was issued by the court in the amount of $321. Griffin filed a declaration and claim of exemption, claiming personal property, including her wages, as exempt. Finance then filed an unsworn contest of the claim of exemption. Griffin’s claim of exemption was granted as to all her personal property, except her wages.
Griffin appealed de novo to the circuit court, and the case was submitted on the record. Her claim of exemption was denied. Griffin then filed a motion to alter, amend, or vacate the order and an amended declaration and claim of exemption. The motion to alter, amend, or vacate was denied by operation of law.
Griffin first contends that Finance’s contest of the claim of exemption was unsworn and did not specify the legal basis of the contest; therefore, she says, the contest was invalid. We agree.
A contest is the only method of preserving a levy after a claim of exemption is filed, and the claim of exemption must be upheld and the levy or other process released unless it is properly contested. Ex parte Avery, 514 So.2d 1380 (Ala.1987) (emphasis supplied).
The method for the contesting of claims is detailed in § 6-10-25, Ala.Code 1975, and requires making and filing an affidavit that the claim is either “invalid entirely or it is invalid in part or is excessive, specifying wherein such invalidity or excess consists, and if excessive, also specifying the property alleged to be in excess.” The contest filed by Finance stated as follows: “Bank Street Finance contests] the Defendant’s Claim of Exemption on her garnishment.” There was no affidavit filed, nor did the contest state that the claim was invalid or *351 excessive. Therefore, we find that the claim of exemption was not properly contested as required in § 6-10-25 and that the exemption must be upheld. Ex parte Avery, 514 So.2d 1380.
In view of the above, we pretermit a discussion of the other issue presented by Griffin as unnecessary.
The judgment is due to be reversed and the cause remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.