MONROE, Judge.
This is a garnishment case.
Ann Creagh Strong sued Rick Young in the Baldwin County District Court, seeking to recover damages for Young’s alleged breach of a lease. The district court entered a judgment against Young for $803.40. On January 29, 1996, the clerk of the court issued a writ of garnishment against Young’s employer. On February 22, 1996, Young filed a declaration and claim of exemption from garnishment and a motion for a stay of garnishment. On March 4, the district court ordered a stay of garnishment. Strong did not file a contest to the claim of exemption, but, on March 7, by letter to the district court, requested a hearing. On May 31, 1996, the district court held a hearing on the claim of exemption and “contest of stay” and entered a judgment in which it ordered: “Contest of Stay is granted. Garnishing to take effect as of the date of this order. [Defendant’s] one time claim of exemption has expired. Plaintiff is not required to re *28 file garnishment.” Young appealed to the Baldwin Circuit Court.
Young filed a motion for stay of garnishment, which the circuit court granted. Each party filed a motion for a summary judgment, supported by a brief. The only additional evidence filed with the circuit court was Strong’s affidavit wherein she recounted the procedural history of the ease, stated that Young had improperly filed a claim of exemption, and requested the circuit court to enforce the garnishment. On October 24, 1996, the trial court heard oral argument on the motions and entered a summary judgment in favor of Strong. Young appeals.
A summary judgment is proper if there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. Rule 56(e)(3), Ala.R.Civ.P.; Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988). When the facts are undisputed, no presumption attaches to the trial court’s judgment and the reviewing court must determine whether the trial court correctly applied the law to the facts. Craig Construction Co. v. Hendrix, 568 So.2d 752 (Ala.1990); Freeman Wrecking Co. v. City of Prichard, 530 So.2d 235 (Ala.1988).
Young argues that he is entitled to the claimed exemption because Strong failed to properly contest his claim. Young filed a sworn declaration describing the property selected and claimed as exempt, as required by § 6-10-20, Ala.Code 1975. Section 6-10-26 requires the plaintiff in a garnishment proceeding to institute a contest “within 10 days after notice of the claim” of exemption. Rule 64B, Ala.R.Civ.P., provides for filing claims of exemption of property from garnishment, and for contesting such claims, and states, in part:
“If the plaintiff fails to make timely contest after notice of the defendant’s claim of exemption, after fifteen (15) calendar days from the filing of such claim, the process of garnishment and any writ of garnishment issued therein shall be dismissed or, where appropriate, modified to the extent necessary to give effect to the claimed exemptions.”
According to the Committee Comments to Rule 64B, the 15-day period is intended to allow for the 10-day filing period plus the time that may elapse through service by mail. Section 6-10-25 details the method for contesting claims of exemption and requires filing an affidavit stating that the claim is either “invalid entirely or ... is invalid in part or is excessive, specifying wherein such invalidity or excess consists, and if excessive, also specifying the property alleged to be in excess.”
Section 6-10-23 provides that a claim of exemption shall be considered “prima faeie correct”; the property claimed is not subject to levy unless there has been a waiver of exemption or the claim is contested. § 6-10-24. Thus, this court has held that, once a claim of exemption has been filed, a contest of the claim is the only method of preserving a levy against the property claimed as exempt. Griffin v. Bank Street Finance, 587 So.2d 349 (Ala.Civ.App.1991). In Griffin, the creditor filed an unsworn contest of the claim of exemption that did not specify the legal basis of the contest. This court determined that the exemption was to be upheld because the claim was not properly contested as required by § 6-10-25. 587 So.2d at 350-51. See also, Ex parte Avery, 514 So.2d 1380 (Ala.1987) (holding that the writ of garnishment should have been quashed where creditor did not properly contest the debtor’s claim of exemption).
In the present case, Strong did not file a sworn statement in the district court specifying how the claim was invalid or excessive. The unsworn letter that she filed with the district court was insufficient to meet the requirements of § 6-10-25. Likewise, her affidavit submitted to the circuit court failed to properly contest the claim of exemption because it was filed several months after the claim of exemption, and, therefore, was well beyond the 10-day time requirement of § 6-10-26. Because the claim of exemption was not properly contested, it was to be considered prima facie correct and was due to be upheld. Therefore, the circuit court erred in entering the summary judgment in favor of Strong, which effectively dismissed the stay of garnishment and allowed the writ of execution against Young to issue.
*29 The judgment of the circuit court is reversed and the cause is remanded for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES, CRAWLEY, and THOMPSON, JJ., concur.