THOMAS, Judge.
Neal Gutzmore appeals from a judgment of the Houston Circuit Court (“the circuit court”) denying his claim of exemption from garnishment. We reverse and remand.
In February 2008, Curtis Bartholomew obtained a money judgment against Gutz-more. On August 20, 2009, Bartholomew filed a writ of garnishment in the Houston District Court (“the district court”), seeking to garnish Gutzmore’s wages. On November 5, 2009, Gutzmore filed a sworn declaration and claim of exemption, claiming that his wages were exempt from garnishment under Ala. Const. 1901, Art. X, § 204. On November 12, 2009, Bartholomew filed an objection to Gutzmore’s claim of exemption; Bartholomew’s objection was not sworn and was not accompanied by an affidavit. In his objection, Bartholomew argued that Gutzmore had already received an exemption under state and federal law for certain amounts of his wages and that Gutzmore had failed to provide required information concerning the specific location of his personal property. In response, Gutzmore amended his claim of exemption, adding his home address. On November 19, 2009, the district court entered an order staying the garnishment and setting a hearing.
Both parties submitted briefs to the district court. After reviewing the parties’ briefs, and without taking any ore tenus testimony, the district court entered an order on May 5, 2010, denying Gutzmore’s claim of exemption, setting aside its stay of garnishment, and ordering the garnishment of Gutzmore’s wages.
Gutzmore appealed the district court’s judgment to the circuit court. Bartholomew filed in the circuit court a motion to dismiss or, in the alternative, a motion for a summary judgment. After further briefing by both parties, the circuit court entered an order denying Gutzmore’s claim of exemption. Gutzmore filed a post-judgment motion, which the circuit court denied. Gutzmore subsequently appealed to this court.
This appeal involves a question of law. Therefore, our review is de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330, 334 (Ala.2006).
On appeal, Gutzmore argues that Bartholomew’s contest to Gutzmore’s claim of exemption was ineffective because, Gutz-more argues, Bartholomew’s objection was unsworn. A claim of exemption is considered prima facie correct. § 6-10-23, Ala. Code 1975. After a claim of exemption has been filed, the property claimed to be exempt “shall not be subject to levy unless *192 there is endorsed on the process the fact that there has been a waiver of exemption as to the kind of property on which the levy is sought to be made or the claim is contested.” § 6-10-24, Ala.Code 1975. Gutzmore did not waive his exemption; thus, Gutzmore’s wages cannot be subject to garnishment unless Bartholomew properly contested Gutzmore’s claim of exemption.
The Alabama Supreme court has held that
“a contest is the exclusive method of preserving a levy after a claim of exemption is filed, Kennedy v. Smith, 99 Ala. 83, 11 So. 665 (1892); and that a claim of exemption, unless properly contested, must be upheld and the levy or other process released. Totten & Bros. v. Sale & Co., 72 Ala. 488 (1883); Poole v. Griffith, 216 Ala. 120, 112 So. 447 (1927).”
Ex parte Avery, 514 So.2d 1380, 1381 (Ala. 1987).
Section 6-10-25, Ala.Code 1975, provides the method that must be followed in order to contest a claim of exemption from garnishment. Section 6-10-25 provides, in pertinent part:
“A plaintiff, in person or by his or her agent or attorney, may contest a claim of exemption after a declaration thereof has been filed by making and filing with the officer holding the process an affidavit that, in his belief, either the claim is invalid entirely or it is invalid in part or is excessive, specifying wherein such invalidity or excess consists, and if excessive, also specifying the property alleged to be in excess, to be, in all cases, the last named in the claim.”
(Emphasis added.)
In this case, Bartholomew attempted to contest Gutzmore’s claim of exemption by filing an unsworn objection. This does not meet the requirements of § 6-10-25, which provides that any contest to a claim of exemption must be made by affidavit. Accordingly, Bartholomew did not properly contest Gutzmore’s claim of exemption. See Griffin v. Bank Street Fin., 587 So.2d 349, 350 (Ala.Civ.App.1991) (holding that a contest to a claim of exemption was ineffective when that contest was not by affidavit and did not properly state that the claim of exemption was invalid or excessive); Young v. Strong, 694 So.2d 27, 28 (Ala.Civ.App.1997) (holding that an un-sworn letter was insufficient to contest a claim of exemption). Because Bartholomew did not properly contest Gutzmore’s claim of exemption, the exemption must be upheld. See Griffin, 587 So.2d at 351; Young, 694 So.2d at 28. Therefore, we reverse the judgment of the circuit court and remand the cause for that court to enter a judgment consistent with this opinion.
Because we hold that Bartholomew did not properly contest Gutzmore’s claim of exemption, we pretermit discussion of Gutzmore’s remaining arguments on appeal.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.