National Bank and Trust Company obtained a writ of garnishment against the salary of Ms. Linda Harris in an effort to collect a default judgment entered against her and her now-estranged husband in 1975. The default was for money owed the bank on a Mastercharge account, and was in the amount of $2,300.97. The garnishment was issued September 15, 1980, to Ms. Harris' employer, Tuskegee Institute. The employer answered October 2, 1980, admitting Ms. Harris' employment and agreeing to withhold funds from her salary. No specific amount per week or month was set out in either the writ or the answer thereto
Ms. Harris received notice of the writ itself, but there is no indication in the record that she was ever notified of her employer's answer. Tuskegee Institute held money out of her wages in September although the answer was not filed until October. One hundred twenty-three dollars and fifty-six cents ($123.56) was withheld each month from September to December, 1980
On December 9, 1980, Ms. Harris filed a motion to amend the writ of garnishment in the District Court of Macon County. She asked that the writ be made to conform to § 5-19-15, Code (1975), a section of the "Mini Code" that deals with garnishment for collection of money with respect to certain consumer transactions. She also asked the court to order that all funds already withheld by Tuskegee Institute be released to her. The bank moved to dismiss the garnishment on December 11, 1980. Ms. Harris filed an additional motion for refund of monies on January 20, 1981. The district court granted the bank's motion to dismiss on January 23, 1981, and in the same order denied Ms. Harris' motion for refund of monies. Upon dismissal of the writ of garnishment, Tuskegee Institute refunded $247.12 to Ms. Harris, purportedly the money withheld in November and December. It is unclear from the record who has possession of the money withheld in September and October 1980, because there has been no disposition of it by court order
Ms. Harris appealed the district court decision to the Circuit Court of Macon County. The circuit court denied her motion for refund of monies May 13, 1981. From that order, Ms Harris appeals
Section 5-19-15 of the "Mini Code" reads as follows:
 Prior to entry of judgment, the creditor may not attach unpaid earnings of the debtor by garnishment The garnishment procedure after judgment shall be as provided in sections 6-6-370, 6-6-371, 6-6-390
through 6-6-394, 6-6-410 through 6-6-414, 6-6-430, 6-6-431, 6-6-461 and 6-10-7; except, that with respect to consumer loans, consumer credit sales and consumer leases, the amount subject to garnishment shall not exceed the lesser of:
 (1) Twenty percent of his disposable earnings for that week; or
 (2) The amount by which his disposable earnings for that week exceed 50 times the federal minimum hourly wage in effect when payable
 "Disposable earnings" means that part of the earnings of an individual remaining *Page 970 
after deduction of amounts required by law to be withheld, and disposable earnings shall not include periodic payments pursuant to a pension, retirement or disability program
Ms. Harris' purchases on her Mastercharge account bring her within the ambit of § 5-19-15. After certain calculations, it is apparent that her salary was exempt from garnishment. Ms Harris' gross salary per month was $568.67. The federal minimum wage at the time of the garnishment was $3.10 per hour. Under §5-19-15 (2), Ms. Harris would have to make at least $620.00 per month disposable income to be eligible for garnishment. (The $620.00 is derived from the following: $3.10 X 50 = $155.00 2a4 weeks per month = $620.00.) Section 5-19-15 (1) does not apply since Ms. Harris' salary does not exceed fifty times the minimum wage as set out in (2), and thus twenty percent of her disposable income as computed under (1) would be greater than zero amount reached under (2). There is no indication in the record from whence the $123.56 withheld each month was derived We conclude that the writ of garnishment was contrary to law since Ms. Harris' salary was totally exempt from garnishment
The dispositive issue on appeal, however, is not the wrongful issuing of the writ, but the disposition of the money collected pursuant thereto. Ms. Harris' employer has refunded $247.12 which was withheld in November and December 1980. Another $247.12 withheld in September and October 1980 has yet to be returned to her. The record does not indicate who currently has possession of that money, but there is no condemnation ordering that the money be paid out of court. The record does support the conclusion that the money was improperly withheld under authority of the district court, and that appellant has been denied its return
We find no cases directly on point, but we also find no reasoning in support of the court's denial of Ms. Harris' request that her money be refunded. We note that in the case of a wrongful garnishment, one has a separate action for the actual damages sustained. Pounds v. Hamner, 57 Ala. 342 (1876) However, in light of modern procedural advancements and a need to control multiple suits on a single issue, we see no reason to force the appellant to pursue a separate remedy. All the interested parties were properly before the court, and it is reasonable to require the court to order some affirmative disposition of the funds in question
The writ of garnishment was dismissed on the bank's own motion. No brief has been filed on appeal in the bank's behalf We have determined that the writ of garnishment was void. Ms Harris has shown that she has a right to those funds
For the foregoing reasons, we reverse the decision of the circuit court and remand the case to the circuit court for the purpose of providing hearing to determine the holder of the funds withheld under the court's writ of garnishment and rendering judgment for its return to Linda Harris
REVERSED AND REMANDED WITH DIRECTION
BRADLEY and HOLMES, JJ., concur