This is an appeal in a garnishment proceeding. *Page 1378 
Cassie Avery and the East Alabama Medical Center (East Alabama) entered into a consent judgment in district court in favor of East Alabama in the amount of $302.55, plus court costs of $27. Subsequently, East Alabama filed a writ of garnishment against Avery's employer, Ampex Corporation, asking that twenty-five percent of the disposable earnings of her salary be withheld until an amount of $350.55 be accumulated and later paid into court to satisfy the amount of the judgment plus costs. Avery filed a claim of personal property exemption. A motion to quash the writ of garnishment was filed by Avery. The district court denied the motion to quash and entered an order which stated, in pertinent part, as follows:
 "The Garnishee, Ampex Corporation, shall withhold according to said writ the sum of twenty-five percent (25%) of the Defendant's disposable wage until the Garnishee shall have collected the sum of One Thousand One Hundred Fifty and 55/100ths Dollars ($1,150.55), at which time the Garnishee shall . . . pay the same to the Clerk of this Court, and discharge the Garnishee from said writ . . .; also, that the Court will order Eight Hundred and no/100ths Dollars ($800.00) paid to the Defendant . . . as her exemption and that the remaining moneys, to-wit: Three Hundred Fifty and 55/100ths Dollars ($350.55) will be condemned and distributed to the Plaintiff in this cause and to the Clerk as court costs."
From that order, an appeal was taken by Avery to the Lee County Circuit Court. That court affirmed the decision. Avery appealed. On appeal, Avery makes two arguments for reversal. We shall address each of these separately.
First, Avery argues that the motion to quash the writ of garnishment should have been granted, because the wages made the subject of the writ are totally exempt under §§6-10-6, 7, Code of Alabama 1975.
A debtor may have the benefit of both the wage exemption, provided in § 6-10-7, and the personal property exemption, provided in § 6-10-6. Holley v. Crow,355 So.2d 1123 (Ala.Civ.App. 1978); Walker v. Williams Bouler Construction Company, 46 Ala. App. 337,241 So.2d 896 (1970). "Personal property" as used in § 6-10-6 can include wages due a debtor. Kennedy v. Smith,99 Ala. 83, 11 So. 665 (Ala. 1892); Walker, supra. We accept Avery's argument that, to the extent a debtor's other personal property does not surpass the $3,000 limit set by § 6-10-6, she may claim as exempt that portion of her wages due that would normally be garnishable under §6-10-7. Holley, supra; Walker, supra. We also acknowledge that if there is no garnishable property existing to support a writ of garnishment, it should be quashed or dismissed. See Harris v. National Bank Trust Co.,406 So.2d 968' (Ala.Civ.App. 1981). Contrary to Avery's contention, however, we find garnishable property sufficient to support a writ of garnishment in this case.
To understand our decision, it is necessary that one recognize two tenets of Alabama garnishment law. First, that the personal property exemptions, both statutory and constitutional, see Ala. Const., art. X, § 204, embrace only those things which are "the subject ofownership, not being realty or an interest in realty."Kennedy v. Smith, supra. (Emphasis added.) Seealso Enzor McNeil v. Hurt, 76 Ala. 595 (1884). Second, although not sufficient to support a claim of exemption, future earnings or wages of a debtor, even though her employment is terminable at will, are sufficient to support a writ of garnishment. Orrox Corporation v. Orr,364 So.2d 1170 (Ala. 1978).
The supreme court, in Orrox, relied upon §6-10-7, Code 1975, in making its determination. This section differs markedly from § 6-10-6, Code 1975, or § 204 of the Alabama Constitution, in that it contains express statutory language allowing that "75 percent of . . . wages, salaries or other compensation due or to become due" to a qualified employee shall be exempt from the garnishment process. The emphasized language cannot be found in either § 6-10-6 or § 204.
It appears to us that, without an express statutory authorization, the personal property exemptions of both §6-10-6 *Page 1379 
and § 204 of the constitution do not apply to the future earnings of a debtor. Instead, the exemptions encompass only those wages due or that property owned by the debtor at the time an exemption is filed.
Thus, in the case at bar, while the wages that were due Avery at the time she filed her claim of exemption may have been totally exempt, see Holley v. Crow, supra, her future earnings, except those covered in § 6-10-7, were not exempt. Those future earnings, however, may be attached by the garnishment process. Therefore, garnishable property sufficient to support the writ of garnishment existed at the time the motion to quash was filed. As to such, the writ could not be quashed.
This conclusion is not inconsistent with our decision inHarris v. National Bank Trust Co., supra. Harris
did not deal with the application of the personal property exemptions, but instead, with § 5-19-15(2), Code 1975. This section merely sets a statutory minimum of disposable earnings which must be exempt from the garnishment process. In Harris, the defendant did not have sufficient wages to meet this floor. Thus, there was no garnishable property to support any writ of garnishment. There has been no argument made, nor could one be supported, that Avery's salary does not meet this minimum.
We note, however, that although the writ could not be quashed in the case at bar, Avery is still free to file later claims of exemption as the wages become due and are withheld.Walker, supra. At such time, East Alabama will also have the opportunity to contest such claim by making proof, if it can, that at the time of the filing Avery had personal property other than that disclosed by her affidavit or that she has fraudulently disposed of money or other personal property for the purpose of defeating the garnishment.Id. See also Holley, supra.
Avery's second argument on appeal concerns the district court's order that more than an amount necessary to satisfy the judgment debt, plus costs, be withheld by her employer. We find that action by the district court to be in error.
Not only would a contrary position defeat the recognized purpose of the personal property exemption by withholding from the debtor the very funds which are intended to protect him and his family from total deprivation arising from judgment execution, and to possibly prevent them from becoming a burden on the public welfare system, seeBroadway v. Household Finance, 351 So.2d 1373
(Ala.Civ.App. 1977), it would also conflict with prior Alabama case law.
Our supreme court long ago made the following statement:
 "Garnishment is a suit by a creditor against the debtor of his debtor. The judgment against the latter is for and in the name of the plaintiff, for an amount not exceeding the judgment against the debtor of the plaintiff or the defendant in the main suit." (Emphasis added.)
Dishman v. Griffis, 198 Ala. 664, 73 So. 966 (1916).
In further support of our decision, we also note that garnishment is a remedy or process of purely statutory creation and existence. A court is without authority to effectuate it except within the actual statutory terms provided. Sloss v. Glaze, 231 Ala. 234, 164 So. 51
(1935); Olson v. Field Enterprises EducationalCorporation, 45 Ala. App. 438, 231 So.2d 763 (1970). We have not been cited to any, nor have we been able to find any, statutory authority for the district court's order allowing so great an amount in excess of the original judgment plus additional costs to be withheld. In fact, the pertinent statute appears to be quite narrowly drawn. Section6-6-452, Code of Alabama 1975, expressly limits the amount a garnishee must pay into court to "so much thereof as may be necessary to satisfy the plaintiff's demand and costs."
In light of the foregoing, then, we are of the opinion that the circuit court's decision to affirm the district court's order, as to the motion to quash the writ of garnishment, must be affirmed. However, the court's order as to the amount to withhold *Page 1380 
from Avery's wages must be reversed. We remand this cause to the circuit court with directions that it order an amount to be withheld in accord with the amount of the judgment and cost sought to be collected by garnishment. We also direct the court to order that any amount of Avery's wages that were due at the time she filed her claim of exemption and were rightfully exempt must be paid to her. However, any amount of future earnings not due at the time of filing her claim may rightfully be withheld up to the amount of the original judgment debt, plus any additional costs. Whether further claim of exemption is appropriate is not decided. Walker,supra.
This cause is affirmed in part, reversed in part, and remanded with directions.
AFFIRMED IN PART; REVERSED IN PART; and
REMANDED WITH DIRECTIONS.
BRADLEY and HOLMES, JJ., concur.