On March 7, 1990, Carraway Methodist Medical Center (Carraway) obtained a judgment by consent in the amount of $1,052.68 against Daniel Roberts for emergency medical services rendered. A process of garnishment subsequently was issued against Roberts's employer. Roberts filed a declaration and claim of exemption, which was denied by the trial court because it was not sufficiently specific. Roberts filed another declaration and claim of exemption, in which he claimed seventy-five percent of his wages as exempt under15 U.S.C.A. § 1673 (West 1982) and the remaining twenty-five percent, plus household goods and wages previously withheld, as exempt under § 204 of the Alabama Constitution and/or § 6-10-6, Ala. Code 1975. Carraway contested the declaration and claim of exemption.
The trial court granted the declaration and claim of exemption, except for the portion *Page 871 
claiming the wage exemption under § 204 of the Alabama Constitution. However, a constitutional wage exemption was granted in the amount of $1,000, and Roberts's employer was ordered to release all withheld wages and to cease withholding wages until $1,000 could have been withheld. Then withholding under the process of garnishment was to begin. Roberts appeals. We reverse and remand.
At the outset we note that prior to the amendment of §§6-10-6 and -37, Ala. Code 1975, by Act No. 88-294, Ala. Acts 1988, a debtor was allowed the benefit of the wage exemption provided in § 6-10-7, which is seventy-five percent of wages, and the personal property exemption provided in § 6-10-6, which this court previously held to include wages due to a debtor.Avery v. East Alabama Medical Center, 514 So.2d 1377
(Ala.Civ.App. 1985). In 1980 the personal property exemption was increased from $1,000 to $3,000. Ala. Code 1975, § 6-10-6.
Section 6-10-6 now provides in pertinent part as follows:
 "The personal property of such resident, except for wages, salaries or other compensation, to the extent of the resident's interest therein, to the amount of $3,000.00 in value, to be selected by him or her . . . shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in
section 5-19-15 or section 6-10-7."
(Emphasis supplied.)
Section 6-10-37 provides the procedure for claiming exemption of money, choses in action, or personal property and the contest of that claim. The 1988 amendment to that section added the following statement: "No claim for exemptions shall exceed the greater of the amounts authorized by the Constitution of 1901, as amended, or required by provisions of federal law." Section 204 of article X of the Alabama Constitution of 1901 provides for a personal property exemption to the value of $1,000. Personal property has been determined to include wages.Avery, 514 So.2d 1377.
A threshold question raised is whether this appeal should be dismissed because, Carraway claims, notice of the appeal was not filed with the proper filing officer, the clerk of the circuit court. Mason v. State ex rel. Prince, 551 So.2d 405
(Ala.Civ.App. 1989), is cited as authority for this position. However, Mason relates only to appeals from family or juvenile court which are governed by a specific statute requiring filing with the circuit court. Here, Rule 5(e), Alabama Rules of Civil Procedure, governs and only requires filing the notice of appeal with the "clerk or register of the court." The clerk of the circuit court is ex officio clerk of the district court and has administrative responsibility for both courts, unless a separate district court clerk has been requested and has been authorized by the Alabama Supreme Court. Section 12-17-160, Ala. Code 1975. In Jefferson County the circuit court clerk also serves as the district court clerk; therefore, we find that filing of the notice of appeal with the district court clerk was sufficient under Rule 5(e). See Upton v. Mississippi ValleyTitle Insurance Co., 469 So.2d 548 (Ala. 1985).
Roberts contends that the exemption provided under the Alabama Constitution is ongoing and may not be limited to a onetime opportunity and that it is provided in addition to the federal wage exemption. He further contends that the trial court should have dismissed the garnishment since, he claims, there was no property to garnish. We agree in part.
Clearly, the legislature in 1988 amended § 6-10-6, Ala. Code 1975, to allow a $3,000 personal property exemption, excepting wages. That section further provides that wages shall be exempt only as provided in § 5-19-15, which refers to consumer loans, or in § 6-10-7, which provides for an exemption of seventy-five percent of wages. Section 6-10-37 provides that a claim for exemptions shall not exceed the greater of the amount authorized under the Constitution of 1901, or as required by federal law. We agree with Roberts that the $1,000 constitutional exemption includes wages in the same manner as §6-10-6 *Page 872 
prior to the 1988 change. Federal law requires that the garnishment of disposable earnings for any workweek may not exceed either twenty-five percent of disposable earnings for that week, or an alternative, which relates to the federal minimum hourly wage.
Although Roberts very strenuously argues for the allowance of both the constitutional exemption and the seventy-five percent exemption as to wages, we do not agree that he has correctly interpreted § 6-10-37, which we find to be controlling here. We further find that the constitutional provision is not an additional exemption to those provided by the legislature but, rather, that the provision serves to provide a minimum exemption below which the legislature may not go. See Miller v.Marx, 55 Ala. 322 (1876).
Roberts has claimed a total wage exemption in the amount of $430, which includes $107.50 every two weeks under the Constitution of Alabama, in addition to the $322.50 (75% of wages) exemption every two weeks which the trial court allowed under the federal and state statutes. In addition, he claimed items of personal property, excluding wages, valued at $548. Roberts may exempt $452 in personal property in addition to the $548 before reaching the $1,000 allowed as exempt under the constitution. This is the additional deduction, which may include wages, that Roberts may claim under the constitution and which should be compared with the federal wage exemption pursuant to § 6-10-37. Because the $452 exemption remaining under the constitution is greater than the $322.50 which would be exempt under federal law and Roberts's total personal property, including wages, is within the $1,000 constitutional amount, we find that the entire amount is exempt pursuant to both § 6-10-37 and the constitution. A similar circumstance is the only one we recognize in which a debtor will be allowed to exempt more than the amount of wages allowed under federal law or § 6-10-7.
Carraway has advanced the above reasoning and, therefore, certainly must agree with it. However, Carraway argues that Roberts listed additional property valued at $40 in his first declaration and claim of exemption, which if added to the $978 in total personal property (including wages) would exceed the $1,000 constitutional exemption, and that Roberts must show that he lost the property through no fault of his own before he can use that exemption to protect other property. Weis v. Levy,69 Ala. 209 (1881). This is true concerning property which has been claimed by the debtor and allotted to him. Id. However, in the present case, although the property was previously claimed by Roberts, it was not allotted to him; rather, the trial court denied the first declaration and claim of exemption. Therefore, we find that there is no requirement that Roberts show that he lost the property through no fault of his own, and we accept as correct the amount of property claimed by Roberts. We further note that Carraway had the opportunity to question the possible deletion of any property by Roberts in its contest of the claim of exemption.
A writ of garnishment should be dismissed if there is no garnishable property to support it. Avery, 514 So.2d 1377. Therefore, we find that the writ of garnishment should be dismissed and that the judgment is due to be reversed and the cause remanded for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THIGPEN, J., concur.