RUSSELL, Judge.
Advanced Collection Services, Inc. (ACS), obtained a default judgment in the district court against James L. Sink and his wife in the amount of $3,636.14, plus court costs of $81.00. A writ of garnishment was subsequently issued to Sink’s employer. The Sinks then filed a joint declaration and claim of exemptions, claiming $1,895 in personal property and $300 in excess future wages as exempt. ACS then filed a contest of the claim of exemptions, and the Sinks filed a motion to dismiss the writ of garnishment and to disburse withheld wages. The district court entered an order granting the Sinks’ declaration and claim of exemptions in the amount of $3,000, of which $1,000 could be future wages.
ACS appealed to the circuit court, contending that Sink was only entitled to $1,000 in total exemptions. The circuit court found that Sink was claiming a fifty percent interest in the personal property in the amount of $947.50, which totaled $1,247.50 when combined with the $300 in wages. It held that, because Sink was claiming wages and salaries as part of his claim of exemption, he was limited to a total of $1,000 and denied his claim of exemptions. The trial court denied Sink’s motion to alter, amend, and vacate, and Sink appealed. We reverse and remand.
The dispositive issue is whether exemptions may be combined pursuant to § 6-10-6, Ala.Code 1975, and § 204 of the Alabama Constitution to allow a party to receive exemptions totalling $3,000, of which $1,000 could be future wages in addition to the seventy-five percent of wages already exempted. Clearly, they may not.
At the outset we note that this issue was recently resolved by this court subsequent to the trial court’s order in the present case. In Roberts v. Carraway Methodist Medical Center, 591 So.2d 870 (Ala.Civ.App.1991), we stated that
“prior to the amendment of §§ 6-10-6 and -37, Ala.Code 1975, by Act No. 88-294, Ala.Acts 1988, a debtor was allowed the benefit of the wage exemption provided in § 6-10-7, which is seventy-five percent of wages, and the personal property exemption provided in § 6-10-6, which this court previously held to include wages due to a debtor. Avery v. East Alabama Medical Center, 514 So.2d 1377 (Ala.Civ.App.1985). In 1980 the personal property exemption was increased from $1,000 to $3,000. Ala. Code 1975, § 6-10-6.
“Section 6-10-6 now provides in pertinent part as follows:
“ ‘The personal property of such resident, except for wages, salaries or other compensation, to the extent of the resident’s interest therein, to the amount of $3,000.00 in value, to be selected by him or her ... shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in section 5-19-15 or section 6-10-7. ’
“Section 6-10-37 provides the procedure for claiming exemption of money, choses in action, or personal property and the contest of that claim. The 1988 amendment to that section added the following statement: ‘No claim for exemptions shall exceed the greater of the amounts authorized by the Constitution of 1901, as amended, or required by provisions of federal law.’ Section 204 of article X of the Alabama Constitution of 1901 provides for a personal property exemption to the value of $1,000. Personal property has been determined to include wages. Avery, 514 So.2d 1377.
[[Image here]]
“Clearly, the legislature in 1988 amended § 6-10-6, Ala.Code 1975, to allow a $3,000 personal property exemption, excepting wages. That section further provides that wages shall be exempt only as provided in § 5-19-15, which refers to consumer loans, or in § 6-10-7, which provides for an exemption of sev *248 enty-five percent of wages. Section 6-10-37 provides that a claim for exemptions shall not exceed the greater of the amount authorized under the Constitution of 1901, or as required by federal law. We agree with Roberts that the $1,000 constitutional exemption includes wages in the same manner as § 6-10-6 prior to the 1988 change. Federal law requires that the garnishment of disposable earnings for any workweek may not exceed either twenty-five percent of disposable earnings for that week, or an alternative, which relates to the federal minimum hourly wage.
“Although Roberts very strenuously argues for the allowance of both the constitutional exemption and the seventy-five percent exemption as to wages, we do not agree that he has correctly interpreted § 6-10-37, which we find to be controlling here. We further find that the constitutional provision is not an additional exemption to those provided by the legislature but, rather, that the provision serves to provide a minimum exemption below which the legislature may not go. See Miller v. Marx, 55 Ala. 322 (1876).
“Roberts has claimed a total wage exemption in the amount of $430, which includes $107.50 every two weeks under the Constitution of Alabama, in addition to the $322.50 (75% of wages) exemption every two weeks which the trial court allowed under the federal and state statutes. In addition, he claimed items of personal property, excluding wages, valued at $548. Roberts may exempt $452 in personal property in addition to the $548 before reaching the $1,000 allowed as exempt under the constitution. This is the additional deduction, which may include wages, that Roberts may claim under the constitution and which should be compared with the federal wage exemption pursuant to § 6-10-37. Because the $452 exemption remaining under the constitution is greater than the $322.50 which would be exempt under federal law and Roberts’s total personal property, including wages, is within the $1,000 constitutional amount, we find that the entire amount is exempt pursuant to both § 6-10-37 and the constitution. A similar circumstance is the only one we recognize in which a debtor will be allowed to exempt more than the amount of wages allowed under federal law or § 6-10-7.”
591 So.2d at 871-72 (emphasis in Roberts).
Sink claims that, because the total amount of Roberts’s personal property was under $1,000 and the amount in the present case is over $1,000, the cases are distinguishable. However, we hold that the same principle applies.
Sink states in his brief that he claimed seventy-five percent of his earnings as exempt pursuant to 15 U.S.C. § 1673 and that the remaining $300 was claimed as exempt pursuant to the Alabama Constitution. However, applying the Roberts principle to the present circumstance, we note that Sink claimed a total of $1,200 of exempt wages ($300 plus the other seventy-five percent, or $900, which was exempt under federal law and § 6-10-7) and $947.50 of a possible $3,000 in other personal property. Clearly, Sink will receive the larger exemption pursuant to the federal wage exemption (seventy-five percent or $900). His total personal property exceeds the $1,000 constitutional amount without considering the $300 in excess wages. In fact, seventy-five percent of his wages, plus the other personal property totals $1,847.50, substantially more than the $1,000 constitutional minimum exemption. We reiterate here that the constitutional amount of $1,000 merely provides a minimum exemption. In the present case, that minimum had been reached without the $300 in excess wages. Therefore, based on the above, we hold that Sink is not entitled to deduct the $300, or additional twenty-five percent in wages, pursuant to the Alabama Constitution.
Although the trial court correctly states that the legislature, in amending §§ 6-10-6 and 6-10-37, has placed further restrictions on the rights of a defendant regarding his or her claim of exemption, we hold that there is not a restriction on Sink’s *249 right to deduct $3,000 in personal property, other than wages. Therefore, he must be allowed to deduct the $947.50 in personal property pursuant to § 6-10-6, in addition to seventy-five percent of his wages ($900) pursuant to federal law (or § 6-10-7). This case is reversed and remanded for the trial court to enter a judgment consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, J., concur.