L. CHARLES WRIGHT, Retired Appellate Judge.
In April 1991 the Greater Gadsden Housing Authority obtained a default judgment in the District Court of Etowah County against Oteral Trimble for $1,055.51 plus court costs. That same month a process of garnishment to enforce the judgment was issued against Trimble’s employer.
In June 1991 Trimble filed a motion for stay of garnishment along with a claim of exemption, which included tangible personal property in the amount of $1,980 and all monthly wages. The housing authority filed a contest to the claim of exemption. The district court denied the contest and ordered the release of any monies paid into the court which had not been condemned. The housing authority appealed that decision to the circuit court.
The case was submitted on stipulated facts, briefs, and argument of counsel. The parties agreed that the only issue to be resolved was whether Trimble was entitled to a full wage exemption. Trimble insisted that pursuant to § 6-10-7, Code 1975, and 15 U.S.C. § 1673, she was entitled to an exemption of 75% of her wages. The housing authority did not dispute that entitlement. Trimble further contended that she was entitled to an exemption of the remaining 25% of her wages in accordance with Ala. Const, art. X, § 204, because her § 6-10-6 personal property exemption election ($1,980) did not exceed the statutory $3,000 limit. The housing authority disputed Trimble’s entitlement to the constitutional wage exemption. The trial court determined that Trimble was entitled to her personal property exemption claim and a 75% wage exemption. Trimble filed a motion for rehearing, which was denied. Trimble appeals.
Trimble asserts that the trial court erred in determining that art. X, § 204 could not be utilized as an additional source of wage exemption.
In Roberts v. Carraway Methodist Medical Ctr., 591 So.2d 870 (Ala.Civ.App.1991), this court stated that art. X, § 204 was not an additional source of exemption, but was a minimum standard below which the legislature could not go. In that case we determined that a debtor was entitled to a 75% wage exemption and a $3,000 personal property exemption or the $1,000 exemption under art. X, § 204. We noted that the $1,000 constitutional exemption “includes wages in the same manner as § 6-10-6 prior to the 1988 amendment.” See Avery v. East Alabama Medical Ctr., 514 So.2d 1377 (Ala.Civ.App.1985).
The trial court relied heavily upon Roberts in reaching its decision. Trimble asserts that such a reliance is misplaced. She insists that the cases are distinguishable because the total amount of Roberts’s personal property, including wages, was under $1,000 and the amount in the present case is over $1,000. She argues that “[u]n-til the Appellate Court actually holds that the Constitution does not provide an additional source of exemption to § 6-10-6, Appellant should be able to claim a floating total of $1,000.00 in wages under the Constitution, and $2,000.00 in personal property pursuant to § 6-10-6.”
In a case involving over $1,000, this court recently determined that the constitution does not provide an additional source of exemption to § 6-10-6. Sink v. Advanced Collection Services, Inc., [Ms. June 19, 1992], 1992 WL 134707 (Ala.Civ.App.1992). In Sink, James Sink claimed that he was entitled to exempt $947.50 in personal property in accordance with § 6-10-6, 75% of his wages in accordance with § 6-10-7, and the remaining 25% of his wages in accordance with art. X, § 204. The dispositive issue in Sink was “whether exemptions may be combined pursuant to § 6-10-6, Ala.Code 1975, and § 204 of the Alabama Constitution to allow a party to receive exemptions totalling $3,000, of which $1,000 could be future wages in addition to the seventy-five percent of wages already exempted.” Applying the principles of Roberts to the facts of Sink we determined that Sink was entitled to claim as exempt only the $947.50 in personal property and 75% of his wages. We reiterated that the constitutional exemption was not an addi *1104 tional exemption to § 6-10-6 but, rather, a minimum exemption below which the legislature may not go.
We find Sink to be dispositive of this issue presented on appeal. The trial court’s determination that Trimble is entitled to a 75% wage exemption and an exemption of her inventoried personal property was not in error.
Trimble further asserts in brief that she has the right to select which of her property she will give up if her claim of exemption is excessive. She now elects to keep her wages and personal property that does not exceed $1,000 and claim her exemption under art. X, § 204. Trimble first raised this proposition in her motion for new trial. In her motion and on appeal she has failed to cite any applicable authority that she can switch from one claim of exemption to another after trial. We do not consider that proposition under Rule 28(a), Alabama Rules of Appellate Procedure. Henderson v. Alabama A & M Univ., 483 So.2d 392 (Ala.1986).
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.