[Weis v. Levy.]

# Weis *v.* Levy.

## *Contest of Claim of Exemption.*

69   209
95    63
69   209
143   622

1. *Debtor's exemption of personal property.*—It is the right of every debtor, resident of this State, under the constitution and the statute enacted for the purpose of giving full effect thereto, to have and to hold, at all times, an exemption of personal property of the value of one thousand dollars, to be selected by him from the property which he may then own, free from liability to the payment of his debts.

2. *Double exemption not allowable.*—A debtor can not have, however, more than one such exemption at the same time; and when such exemption has once been claimed, the property selected by the debtor and allotted to him, so long as he retains it, and it is undiminished in value, he is not entitled to a further exemption.

3. *When debtor can claim further exemption.*—When the personal property which a resident debtor had selected as exempt, has been taken from him by judicial process, or has been otherwise lost to him, or has deteriorated in value, without fault on his part, or has been consumed in the maintenance of himself or family, or has been applied by him to the payment of his debts, such debtor has the right, in lieu thereof, to select and retain other property as exempt to him, notwithstanding the former claim of exemption.

4. *Fraudulent disposition of exempt property; its effect on subsequent claim of exemption.*—It seems, that if the debtor were to fraudulently dispose of the property he had claimed and retained as exempt, with the view, and for the purpose of obtaining an additional exemption, his claim to such additional exemption would be disallowed.

5. *Transcript; when seal of court thereto not required.*—A certified transcript of an exemption claim made and filed in the office of the probate judge, is admissible in evidence, although the certificate thereto is not under the seal of the court.

APPEAL from Mobile Circuit Court.

Tried before Hon. H. T. TOULMIN.

This was a contest of a claim of exemption lodged by Theodore Weis with the sheriff of Monroe county, whereby he claimed as exempt to him from levy and sale certain personal property on which said sheriff had levied an attachment issued out of the Circuit Court of Mobile county, on 27th December, 1878, at the suit of M. P. Levy & Co., and against the said Weis. The property claimed as exempt is particularly described in the claim, and amounted in value to the sum of $327.90. The cause was tried in the court below on an issue made up under the statute between Levy & Co., as plaintiffs, and Weis as defendant. On the trial, as shown by the bill of exceptions, the plaintiffs read in evidence a certified transcript "from the the records of the Probate Court of Escambia

14

county, of an exemption claim made and filed for record by the defendant Weis," the certificate to which was made by the judge of the court, but was not under the seal of the court. When the transcript was offered in evidence, the defendant objected thereto, on the ground, among others, that it was not certified under the seal of said court. The court overruled the objection, and the defendant excepted. The claim of exemption copied in the transcript shows that it was sworn to by defendant on 27th December, 1878, at which time defendant was a "resident citizen" of the county of Escambia, and that he thereby claimed as exempt to him from levy and sale under judicial process, personal property therein described amounting in value to $1,000. The evidence also tended to show that the personal property described in said claim was in fact selected by, and set apart to the defendant, about 27th December, 1878, out of a stock of goods, on which the sheriff of Escambia county had levied an attachment in favor of another creditor. The defendant was then examined as a witness on his own behalf, and the following questions were propounded to him: 1. Whether or not the said goods which were so claimed and set apart to him were afterwards seized and taken from him by the sheriff of Escambia county, who claimed to act under a writ of attachment other than that sued out by plaintiffs, and if so, whether he had ever received back said goods or their proceeds or value. 2. Whether or not he had, before he made the claim of exemption now contested, disposed of any of said goods and property in payment of his debts. 3. Whether or not, at the time he made the claim of exemption now contested, he still owned, had or possessed all of the said goods which were originally set apart to him. 4. At the time he made the claim of exemption now contested, what had become of the said goods originally claimed by and set apart to him. To each of these questions the plaintiffs objected on the ground that it was immaterial, and their objections were sustained and the defendant separately excepted.

The Circuit Court charged the jury, on the request of the plaintiffs in writing, that if they believed the evidence they must find the issue in their favor, and the defendant excepted. The jury returned a verdict for the plaintiffs, and a judgment was rendered thereon condemning the property claimed to sale under the attachment, and from this judgment the defendant appealed. The assignments of error, among others, are the several rulings of the court on the evidence and the giving of the charge asked by the plaintiffs.

C. J. Torrey, for appellant.

[Weis v. Levy.]

OVERALL & BESTOR, *contra.*

(No briefs came to hands of the reporter.)

BRICKELL, C. J.—The point of contention in the Circuit Court seems to have been whether the right of the appellant to an exemption of personal property, was not exhausted by a former claim and allotment to him, when a prior attachment in favor of Lyons & Co. was levied in Escambia county or whether the fact that a part of the property then claimed, had been taken from him by judicial process, entitled him to an exemption of other property, so that he would have one thousand dollars worth of personal property of his own selection, which he could retain free from liability to his debts. It is the right of every debtor, secured by the constitution and by the statute enacted for the purpose of giving full effect to the constitutional provision, to select from all the personal property he may own, any part thereof, not exceeding one thousand dollars in value, and to hold and retain it, exempt from levy and sale under judicial process for the payment of debts. It is a simple exemption of personal property of the value of one thousand dollars, selected by the debtor, the statute and constitution contemplate. At the same time he can not have more than one such exemption, as at the same time he can not have more than one homestead. When the exemption has once been claimed, the property selected by the debtor, and allotted to him, so long as he retains it, and it is undiminished in value, he is without right to a further exemption; otherwise double exemptions could be claimed and the whole of his property exhausted, to the prejudice of his creditors. But if the property allotted to him has been taken from him without fault on his part, or it has been consumed in maintaining himself or family, a subsequent exemption may be claimed. It is his right to have and hold, at all times, an exemption of personal property of the value of one thousand dollars, of his own selection, free from liability to debts. When the property which he had selected has been lost to him, or has deteriorated in value, without fault on his part, or has been consumed in the maintenance of himself or family, or applied by him to the payment of debts, the right secured to him would be impaired, if he could not select and retain property, notwithstanding the former claim of exemption. The rights of creditors are not impaired, so long as the debtor is not permitted to hold property exceeding in value one thousand dollars.—*Ala. Conference v. Vaughan,* 54 Ala. 443.

If he were to dispose of fraudulently the property he had claimed and retained, with the view, and for the purpose of

[The State of Alabama v. Conner.]

obtaining an additional exemption, perhaps his claim would be disallowed.

In the rejection of the evidence offered tending to show that a part of the property formerly claimed and allotted to the appellant, had been taken from him by judicial process, and that at the time he interposed the present claim, such of that property as remained in his possession did not exceed in value one thousand dollars, the Circuit Court erred.

The other questions presented by the record are not of importance, and may not arise again in the progress of the cause. It is not necessary to consider them specially. The transcript from the court of probate of the declaration of exemption filed by the appellant, was properly admitted.—*Beggs v. State*, 55 Ala. 108; *Bishop v. State*, 30 Ala. 34.

For the error noticed, the judgment is reversed and the cause remanded.