# Ralls *v.* Alabama Steel & Wire Co., *et al.*

### *Garnishment Suit.*

1. *Garnishment; exemption; wages.*—In a garnishment suit, where the answer of the garnishee discloses an amount due to the defendant as wages for one month not exceeding $25.00, it is the duty of the court, under the provisions of the statute (Code, § 2038), to dismiss the garnishment.

APPEAL from the City Court of Gadsden.
Heard before the Hon. JOHN H. DISQUE.

This was a garnishment suit, in which the defendant filed a claim of exemptions to the amount shown to be due him by the garnishee in its answer. The garnishee was the Alabama Steel & Wire Company. Upon the introduction of all the evidence, the court, on the motion of the defendants, dissolved the garnishment and ordered the same dismissed and discharged the garnishee; and from this ruling, the plaintiff duly excepted. There were verdict and judgment for the defendant; the plaintiff appealed, and assigned as error the ruling of the court dismissing the garnishment and discharging the garnishee.

LEE, LEE & LEE and MOTLEY & DOUGLASS, for appellants, cited;—*McCormick Harvesting Machine Co. v. Vaughn,* 130 Ala. 314.

M. C. SIVLEY, *contra,* cited;—*Bliss v. Smith,* 78 Ill. 359; *Hoffman v. Fitzwilliam,* 81 Ill. 521; *Davis v. Meredith,* 48 Mo. 263; *Adams v. Green,* 100 Ala. 218.

SIMPSON, J.—This was an action commenced in the justice court, being an action by appellant (plaintiff) against Ben Wofford, defendant, and Alabama Steel & Wire Company, as garnishee.

The garnishee answered that it was indebted to the defendant to the amount of $13.80, being a balance due out of $39.00 which defendant had earned in September.

The defendant filed in the justice court an affidavit, claiming the amount due him as exempt, and including therein a full inventory of all the personal property owned by him, which consisted of the amount answered by the garnishee, and a few plates worth only 25 cents. But the judgment on which this garnishment was issued was on a claim in which the right of exemption had been waived.

This Court has recently decided that this statute is not unconstitutional, and that "Its obvious purpose was to take away the process of garnishment as a means of subjecting to the payment of debts the wages, * * * * * to the amount of $25.00 per month in all cases," also that "No exception is made in respect of debts as to which the debtor has waived his exemptions."—*Richardson v. Kaufman,* in MS.

So that, the defense in this case rests upon the construction of the statute. The statute is peremptory that it is the duty of the court to dismiss the garnishment, when the answer of the garnishee shows an indebtedness not amounting to more than $25.00 per month.

Section 2038 of the Code of 1896, before the amendment, declared that wages to the amount of $25.00 per month was exempt, and it was decided under that section that, when the answer of the garnishee disclosed an indebtedness greater than that amount, the defendant might claim the $25.00 under the statute and the re-

mainder of the money as a part of the $1000.00 exempt by other statutes.—*Enzor v. Hunt,* 76 Ala. 595. And the Court has declared that, under the general exemption law, the policy of the law is that a man shall be entitled at all times to the amount named in the statute as exempt. So that, although a man may claim at one time a certain fund as exempt, yet upon another levy or garnishment, if he has used up that amount, he can make another claim.—*Weis v. Levy,* 69 Ala. 209.

So, the policy of the law evidently is that the matter of exemptions against a garnishment shall depend on the status, at the time the garnishment is levied, or at the time the claim is made, within the time allowed by law. The evident purpose of the amendment to said section of the Code, Acts 1898-9, p. 37, was to dispense with the necessity of claiming the exemption, where the amount is small and due for wages, and to make the amount absolutely exempt from subjection under that process.

The statute does not state that the defendant shall be earning only $25 per month, nor that, if he has received $25.00 during the month, the remainder shall be subject, but simply that wages up to the amount shall be absolutely exempt, so that, when the answer disclosed, not that the man is not earning more than $25.00, but that when the fact of such indebtedness is disclosed, that is, an indebtedness of $25.00 or less, as the proceeds of one month's labor, the case is to be dismissed, without any claim or motion; so that, in that case, the status is just as it would have been, before the amendment, if a claim of $25.00 wages due had been filed, and the claim sustained. It would unreasonably multiply the issues to be tried, to hold otherwise, for, as shown by the previous decisions of this Court, he is entitled at all times, when the strong arm of the law is laid upon his wages, to have $25.00 out of each month's wages free from interference. It may be that the remaining part of his wages has already been subjected by other garnishments to the payment of his debts, or it may be that, knowing that the law secures that much to him for the sustenance of himself and family, he has already appropriated the remainder

[Etowah Mining Co., *et al.* v. Wills Valley Mining & Mfg. Co.]

to the payment of his debts. The Court cannot undertake to inquire into these matters, and the simplest solution is to follow the wording of the statute, and the analogies of the law of exemptions, and hold that when the answer of the garnishee discloses an amount due, not exceeding $25.00 as the wages of one month, the duty of the court is to dismiss the case.

The judgment of the court is affirmed.

McCLELLAN, C. J., TYSON and ANDERSON, J. J., concurring.