241 So.2d 896

James **WALKER**

**v.**

**WILLIAMS & BOULER CONSTRUCTION COMPANY, a Partnership Composed of M. Carl Williams and William Bouler.**

**1 Div. 32.**

Court of Civil Appeals of Alabama.

Dec. 10, 1970.

Sam W. Pipes, and Augustine Meaher, III, Mobile, for appellees.

Fred F. Smith, Jr., Prichard, for appellant.

THAGARD, Presiding Judge.

The appellee, Williams & Bouler Construction Company, on October 10, 1961, recovered a judgment of $3,690.00 against appellant in the Circuit Court of Mobile County, Alabama. On April 25, 1969, appellee sued out a writ of garnishment against Campbell Construction Engineers, Inc., (hereinafter called Campbell) and also against one Millicent Turner, who are not parties to this appeal.

Millicent Turner answered under oath that she was not indebted to appellant and would not become indebted to him under any contract then existing. The record is silent thereafter as to Millicent Turner, so

we presume that she was dismissed as a garnishee.

After service of the writ Campbell answered by writing a letter to the circuit clerk saying that they had an employee named Walker but that the first name was not the same; that Walker denied that he was the man named in the writ; and that they had no funds due James Walker at that time.

Subsequently, appellee filed a motion to require Campbell to appear and answer orally. Campbell appeared, the motion was granted, Campbell answered orally, and the court ordered Campbell to withhold. The order did not say how much or what percentage Campbell was to withhold but evidently it was understood that the amount would be 25 percent.

Thereafter, from time to time, as the 25 percent withholding would accumulate in Campbell's hands, appellant would claim the same exempt to him under the provisions of Title 7, § 629, 1940 Code of Alabama, which is the $1,000.00 personal property exemption statute

On June 27, 1969, the court allowed appellant an exemption of $500.00 that had been withheld by Campbell. Subsequently, on November 4, 1969, the court allowed appellant an exemption of $1,000.00 that had been withheld by Campbell and ordered Campbell to pay the same to appellant and pay the balance into court. Campbell answered that it had paid the $1,000.00 to appellant and with its answer paid the excess of $250.24 into court. The court ordered Campbell to continue to withhold. Subsequently, on January 27, 1970, the court allowed appellant's claim to an additional exemption of $950.00 that had been withheld by Campbell.

On the same date the court, responsive to a motion of appellee that the court require Campbell to pay into court all money in its hands and that the same then be paid by the clerk to appellee, made an order requiring Campbell to pay into court all sums in its possession, withheld from defendant's wages, in excess of $950.00, and release the $950.00 to appellant.

On January 12, 1970, appellee filed a motion to strike appellant's claim of exemptions and on January 14, 1970, appellee filed a contest of appellant's claim of exemption.

On February 4, 1970, Campbell reported to the court that on that day it had released to appellant withheld funds in the amount of $578.78, being the total withheld since the last directive of the court.

Again, on May 9, 1970, appellant filed an exemption claim to an additional $950.00 that allegedly had been withheld by Campbell since the last distribution. On May 13, 1970, appellee filed a contest to this claim of exemption, asserting that appellant was the plaintiff in a damage suit pending in the Mobile Circuit Court in which the plaintiff was claiming $6,000.00 as damages, and further, that the court had already approved personal property exemption claims far in excess of $1,000.00. On the same day appellee filed a motion to strike appellant's claim of exemptions, assigning as grounds substantially the same as those assigned in the contest.

On May 25, 1970, after hearing, the court entered two judgments, one ordering garnishee Campbell to pay into court all withheld money in its possession and condemning the same and ordering it paid to appellee, and the other granting appellee's motion to strike appellant's last claim to personal exemption. On June 2, 1970, Campbell paid into court $965.52, "for wages withheld under this garnishment through May 27, 1970."

Appellant made three assignments of error, each of which charges in effect that the court erred in striking appellant's claim of exemption, thereby disallowing appellant's claim to personal property exemption of $1,000.00.

■ The first four grounds of appellee's motion to strike seek to cast upon appel-

lant-claimant the burden of alleging and proving certain facts essential to the validity of the claim to the exemption. We do not so read the statute. The statute requires only that the claimant make and file in the office of the probate judge a declaration in writing, subscribed and sworn to by him, describing the property selected and claimed as exempt, with its value. Title 7, § 633, 1940 Code of Alabama.

After the filing of such declaration, the claim of exemption therein asserted shall be taken and considered as prima facie correct; and the filing thereof shall operate as notice of its contents. Title 7, § 635, 1940 Code of Alabama.

In the trial of a contest, the party in whose favor the levy was made shall be deemed the plaintiff, upon whom shall rest the burden of proof. Title 7, § 644, 1940 Code of Alabama.

■ We hold that the foregoing provisions of the statute are applicable in the hearing of a motion to strike as well as in the trial of a contest and that there was no merit in the first four grounds of appellee's motion to strike.

■ The fifth and sixth grounds of the motion to strike recite that on the date of the notarial acknowledgment of appellant's claim of exemption appellant was maintaining an action in the Mobile Circuit Court for damages of $6,000.00. The grounds fail to allege whether the action was *ex contractu* or *ex delicto* or the damages sought liquidated or unliquidated, wherefore we think and hold that this ground fell short of showing that the cause of action had any monetary value.

The seventh ground simply says that for aught that appears defendant (in the court below) is not entitled to the exemption he claims. It is our opinion that the form and substance of appellant's exemption claim complied with the requirements of the statutory laws pertaining to the claiming of personal property exemptions, and

that there was no merit in this seventh ground.

The eighth and ninth grounds of the motion to strike appellant's claim to personal property exemption raise the serious questions of (1) whether after getting the benefit of the 75 percent exemption of wages provided by Title 7, § 630, of the 1940 Code of Alabama, appellant could also claim the remaining 25 percent under the one thousand dollar personal property exemption provided for under Title 7, § 629, 1940 Code of Alabama, and (2) if so, whether after having received the full $1,000.00 from the accrual of the 25 percent withholding he can continue to claim the exemption of the 25 percent withheld from his wages, provided at the time of the filing of each claim the value of all of his personal property, including the withheld wages, does not exceed $1,000.00, and provided further that he has not fraudulently disposed of any of his money or personal property for the purpose of defeating the garnishment. We answer both questions in the affirmative.

There is no allegation on the part of appellee that the judgment, for the collection of which the garnishment was sued out, carried a waiver of exemptions or that the same was in damages for tort. In each of appellant's several claims to exemption filed in this case, appellant filed a verified statement that the withheld wages and clothing of the value of $50.00 constituted all of the personal property owned by him.

■ The Supreme Court held in Kennedy v. Smith, 99 Ala. 83, 11 So. 665, that the words "personal property" in the exemption laws embraced a debt due a defendant in execution, so there is no question that wages due a defendant in a garnishment suit is personal property.

For many years prior to September 7, 1949, the Code section providing for an exemption of wages limited the exemption to $25.00 per month. The wage exemption in the Code of 1923 was embraced in § 7887 and in the Code of 1876 in § 2823. The

$25.00 per month wage exemption was brought forward in the 1940 Code at Title 7, § 630 and the $25.00 per month limitation remained until the section was amended in 1949 so as to exempt 60 percent of the employee's wages. The section was again amended on September 18, 1957, to increase the exemption to 75 percent of employee's wages. The language of the section as last amended is very similar to the language of § 7887 of the 1923 Code.

In Enzor & McNeill v. Hurt, 76 Ala. 595, a garnishment-of-wages action, the trial court allowed a claim by the employee to the $25.00 per month exemption and also to $125.00 wages past due by his employer. The Supreme Court affirmed, saying:

"It is our opinion, that the appellee was entitled to the exemption claimed, and that it was, therefore, properly allowed by the court. The statute manifestly allows the debtor an exemption of one thousand dollars worth of personal property, *in addition* to the special exemption of twenty-five dollars of wages each month * * *" (76 Ala. at pages 596 and 597)

We have found no Alabama decision holding contrary to that in the *Enzor* case, supra, and we think it dispositive of our first question.

The second question posed is whether after having had the benefit of the full thousand dollar exemption from withheld wages, the employee can claim the same over and over again. We think the answer to this question is found in Weis v. Levy, 69 Ala. 209, wherein there was a contest of a claim of exemption filed by the judgment debtor with the sheriff of Monroe County to certain personal property levied on under an attachment issued out of the Circuit Court of Mobile County. On the trial of the contest the plaintiffs put in evidence a certified transcript of an exemption claim previously filed by defendant in the Probate Court of Escambia County to personal property amounting in value to $1,000.00. The defendant offered to prove that he no longer owned the property to which he had claimed the exemption in Escambia County. The court sustained an objection to this offer of proof and gave the affirmative charge, with hypothesis, for the plaintiff. The Supreme Court reversed and remanded, saying, inter alia:

"When the exemption has once been claimed, the property selected by the debtor, and allotted to him, so long as he retains it, and it is undiminished in value, he is without right to a further exemption; otherwise double exemptions could be claimed and the whole of his property exhausted, to the prejudice of his creditors. But if the property allotted to him has been taken from him without fault on his part, or it has been consumed in maintaining himself or family, a subsequent exemption may be claimed. It is his right to have and hold, at all times, an exemption of personal property of the value of one thousand dollars, of his own selection, free from liability to debts. When the property which he had selected has been lost to him, or has deteriorated in value, without fault on his part, or has been consumed in the maintenance of himself or family, or applied by him to the payment of debts, the right secured to him would be impaired, if he could not select and retain property, notwithstanding the former claim of exemption. The rights of creditors are not impaired, so long as the debtor is not permitted to hold property exceeding in value one thousand dollars.—Ala. Conference v. Vaughan, 54 Ala. 443." (69 Ala. at page 211)

We think the foregoing answers our second question; further, that there was no merit in any of the assigned grounds for striking appellant's claim to personal property exemptions; and that the court erred in striking the claim, disallowing the exemption, and ordering that the same be condemned and paid to appellee.

The *Weis* case, supra, was decided in 1881 and the *Enzor* case in 1883. Since that time the legislature has been in session many, many times and has amended the wage exemption statute at least three times, but it has not seen fit to deprive debtors of the benefits of the holdings in the *Weis* and *Enzor* cases.

We note that appellee's contest of appellant's claim was not tried. The judgment of the trial court is reversed and the cause remanded so that if appellee wishes he may yet amend his contest and make proof, if he can, that at the time of the filing of the last exemption claim the appellant had other personal property than that disclosed by his affidavit or that appellant fraudulently disposed of money or other personal property for the purpose of defeating the garnishment.

Reversed and remanded.