KENNEDY, Justice.
In August 1987, the petitioner, Baldwin County Eastern Shore Hospital Board, obtained a default judgment against Melinda Parker. Subsequently, garnishment proceedings were instituted. Parker filed a motion for stay of garnishment, along with a declaration and a claim for exemption, which included both personal property and all monthly wages in excess of state and federal exemptions. The hospital then filed a contest to the claim of exemption, alleging, in pertinent part, that Parker was not entitled to claim as exempt all of her future wages.
On July 6, 1988, the court issued an order denying the stay of garnishment but ordering a return of monies held prior to April 15,1988, and allowing garnishment of wages earned after April 15, 1988. On appeal, the circuit court entered a summary judgment in favor of the hospital. Parker then appealed that summary judgment to the Court of Civil Appeals and presented the following issue: Did Act No. 88-294,- *1050 amending § 6-10-6, Code 1975, affect appellant’s entitlement to claim certain wages as exempt from garnishment if the underlying debt was incurred and demanded pri- or to Act No. 88-294’s becoming law on April 12, 1988? The Court of Civil Appeals reversed the judgment and remanded the case. 560 So.2d 1046. This Court granted certiorari on October 31, 1989.
Section 2 of Act No. 88-294 provides as follows:
“Sections 6-10-6 and 6-10-37, Code of Alabama 1975, as amended, are hereby amended to read as follows:
“ ‘§ 6-10-6.
“ ‘The personal property of such resident, except for wages, salaries or other compensation, to the extent of the resident’s interest therein, to the amount of $3,000 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in Section 5-19-15 or Section 6-10-7.’ ”
(Emphasis supplied.)
We have considered the issues raised by the petitioner, and after a thorough review of the record and arguments of counsel, we find no error in the opinion of the Court of Civil Appeals.
The Court of Civil Appeals has correctly determined that the law governing exemptions is the law existing at the time the debt was incurred. Citing Ex parte Avery, 514 So.2d 1380 (Ala.1987), the Court of Civil Appeals stated in its opinion “it is the opinion of this Court that [§ 6-10-37, Code 1975] contains a clear expression of the legislative intent that property which can be garnished can also be claimed as exempt.... Therefore, we are of the opinion that future wages can be claimed as exempt....” Thus, the holding of Ex parte Avery, that future wages could be exempted from garnishment, was the controlling law on this subject until Act 88-294 became law on April 12, 1988. Appellant, therefore, was entitled to claim her future wages as exempt when the debt was incurred and the demand was made; thus, she is entitled to the personal property exemption, subject, of course, to the $3,000 limitation.
Accordingly, the judgment of the Court of Civil Appeals is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.