MOORE, Judge.
Daisy Pruett appeals from a judgment of the Morgan Circuit Court refusing to allow her to claim as exempt from garnishment the total amount of her wages. We reverse.
On March 16, 2012, Worldwide Asset Purchasing, LLC (‘WAP”), filed in the circuit court a process of garnishment against Pruett, seeking to recover the amount of $3,973.45 from the wages Pruett earned in her employment with Wal-Mart Stores, Inc. On April 10, 2012, Wal-Mart filed an answer. On August 7, 2012, Pruett filed her “Declaration and Claim of Exemption,” claiming as exempt her biweekly wages of $600; she also listed other personal property valued at $2,080, but did not claim that property as exempt. On August 11, 2012, WAP filed a contest of Pruett’s claim of exemption. On August 27, 2012, Pruett filed a response to WAP’s contest and moved to dismiss the writ of garnishment. On August 29, 2012, WAP filed a response.
On September 18, 2012, the circuit court entered a judgment stating that Pruett was “entitled to the exemption amount in § 6 — 10—7[, Ala.Code 1975,] which is 75 percent of her wages, salaries or other compensation due or to become due to her.”[1] *483 On October 12, 2012, Pruett filed a “Motion to Reconsider”; that motion was denied on November 2, 2012. On December 14, 2012, Pruett filed her notice of appeal.
On appeal, Pruett argues that, pursuant to Ala. Const. 1901 (Off.Re-comp.), Art. X, § 204, she is entitled to claim the entirety of her biweekly wages of $600 as exempt from garnishment. Alabama Const.1901 (Off.Recomp.), Art. X, § 204, provides:
“The personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any court, issued for the collection of any debt contracted since the thirteenth day of July, eighteen hundred and sixty-eight or after the ratification of this Constitution.”
“[T]he $1,000 constitutional exemption includes wages.” Roberts v. Carraway Methodist Med. Ctr., 591 So.2d 870, 871 (Ala.Civ.App.1991). In Roberts, this court held that a judgment debtor could exempt wages in addition to the amount allowed under § 6-10-7 as long as the amount of the wages and other personal property being claimed as exempt did not exceed the $1,000 exemption amount provided in Ala. Const.1901, Art. X, § 204. Because Pruett’s total claimed exemption does not exceed the $1,000 constitutional exemption, she is correct that she is entitled to an exemption of her total wages.
WAP argues, however, that because Pruett has personal property other than wages of over $1,000, she may not claim the entirety of her wages. Citing Sink v. Advanced Collection Services, Inc., 607 So.2d 246 (Ala.Civ.App.1992), WAP argues that a judgment debtor may not stack exemptions to exceed the exemption amount provided in Alabama’s Constitution. In Sink, “Sink claimed a total of $1,200 of exempt wages ($300 plus the other seventy-five percent, or $900, which was exempt under federal law and § 6-10-7) and $947.50 of a possible $3,000 in other personal property,” which was exempt pursuant to Ala.Code 1975, § 6-10-6.[2] Id. at 248. This court determined that, because Sink’s combined exemptions under §§ 6— 10-6 and 6-10-7 exceeded $1,000, he was not entitled to claim the additional $300 in wages. We note, however, that Pruett has not attempted to stack exemptions to exceed the $1,000 constitutional exemption— she did not claim any personal property other than her wages as exempt. The plain language of § 204 indicates that the judgment debtor may select the property he or she desires to be exempted from garnishment. Thus, it is Pruett’s constitu *484 tional right to claim her wages as exempt and to decline to claim her additional personal property as exempt.
Because Pruett’s claimed exemption of the entirety of her wages does not exceed the $1,000 exemption provided in § 204, we reverse the circuit court’s judgment, and we remand the cause for the circuit court to enter a judgment allowing Pruett’s claimed exemption.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, .P.J., and PITTMAN, THOMAS, and DONALDSON, JJ„ concur.

. Section 6-10-7(a), Ala.Code 1975, provides, in pertinent part:
"The wages, salaries, or other compensation of laborers or employees, residents of this state, for personal services, shall be exempt from levy under writs of garnishment or other process for the collection of debts contracted or judgments entered in tort in an amount equal to 75 percent of such wages, salaries, or other compensation due or to become due to such laborers or employees, and the levy as to such percentage of their wages, salaries, or other compensation shall be void. The court issuing *483 the writ or levy shall show thereon the amount of the claim of the plaintiff and the court costs in the proceedings. If at any time during the pendency of the proceedings in the court a judgment is entered for a different amount, then the court shall notify the garnishee of the correct amount due by the defendant under the writ or levy. The garnishee shall retain 25 percent of the wages, salaries, or other compensation of the laborer or employee during the period of time as is necessary to accumulate a sum equal to the amount 'shown as due by the court on the writ or levy.”

. Section 6-10-6 provides:
"The personal property of such resident, except for wages, salaries, or other compensation, to the extent of the resident's interest therein, to the amount of $3,000 in value, to be selected by him or her, and, in addition thereto, all necessary and proper wearing apparel for himself or herself and family, all family portraits or pictures and all books used in the family shall also be exempt from levy and sale under execution or other process for the collection of debts. No wages, salaries, or other compensation shall be exempt except as provided in Section 5-19-15 or Section 6-10-7[, Ala.Code 1975].”