DONALDSON, Judge.
This case involves a claim of exemption from garnishment made by a debtor. Alabama Telco Credit Union (“ATCU”) appeals a judgment of the Jefferson Circuit Court (“the trial court”) in favor of Gerry Wayne Gibbons exempting all of Gibbons’s income from a garnishment sought by ATCU to collect a judgment. We reverse the judgment and remand the cause.

Facts and Procedural History

On February 18, 2013, ATCU filed a complaint against Gibbons alleging that he had failed to remit payments due under a contract between the parties. The trial court entered a default judgment against Gibbons, awarding ATCU $13,551.90 in damages plus court costs and post-judgment interest' ATCU filed a process of garnishment in the trial court directed to Gibbons’s employer for the purpose of collecting the judgment. Gibbons filed a claim of exemption from garnishment. In the" claim, Gibbons stated that he had a weekly income of $1,000 and personal property worth a total of $11,500. The personal property listed by Gibbons in an inventory submitted with the claim consisted of a bank account with a $1,500 balance, a motor vehicle worth $6,000, a television worth $500, furniture worth $2,000, and tools worth $1,500. Gibbons claimed his wages as exempt from garnishment pursuant to Ala. Const.1901, Art. X, § 204. Gibbons did not select his personal-property items for exemption. ATCU filed an objection to the claim of exemption, arguing that the claim was excessive and that the inventory inadequately identified Gibbons’s items of personal property.[1]
*1014 On April 9, 2015, the trial court entered a judgment granting Gibbons an exemption from garnishment under Ala. Const. 1901, Art. X, § 204, for all of his wages. The trial court cited Pruett v. Worldwide Asset Purchasing, LLC, 140 So.3d 481, 484 (Ala.Civ.App.2013) in support of its holding, stating, in pertinent part:
“In the instant action, [Gibbons] is paid weekly no more than $1,000.00. Thus, he has not exceeded the [Ala. Const. 1901, Art.,X, § 204,] exemption and is entitled to its protection,
“6. The Court is aware that this finding indicates vast numbers of wage earners in Alabama are protected from garnishment for the collection of debts by private creditors or even state entities acting in the capacity of a creditor and sets Section 6-10-6, 7, Alabama Code 1975, at naught. However, the Pruett decision is quite clear that so long as the wages as paid and claimed as exempt are less than $1,000.00 then such exemption is due to be granted.
“Therefore, it is hereby ORDERED, ADJUDGED and DECREED that [Gib-bonses claim of exemption is granted. The Clerk shall release any funds withheld pursuant to the garnishment to [Gibbons].”
The trial court additionally found “no need to inquire into the sufficiency of the identification” of Gibbons’s personal property because his claim of exemption pertained only to his wages.
ATCU filed a timely notice of appeal to this court. On appeal, ATCU argues that the exemption granted by the trial court erroneously applied Ala. Const. 1901, Art. X, § 204, to all of Gibbons’s future wages and that the inventory submitted with the claim of exemption contains an insufficient description of Gibbons’s personal property. Gibbons did not file á brief with this court.

Discussion

I. Description of Gibbons's Personal Property

Rule 64B, Ala. R. Civ. P., provides, in part:
“When money, choses in action, or personal property are garnished and the defendant claims the same, or any part thereof, as exempt, the defendant shall file a claim thereto in writing, verified by oath, in the court in which such proceedings are pending, accompanied by a statement setting forth the personal property, choses in action, and money and the location and value thereof as required in the statement to be filed under the provisions of Section 6-10-29, Code of Alabama 1975.”
The first sentence of § 6-10-37, Ala.Code 1975, is substantially identical to the above-quoted portion of Rule 64B. Section 6-10-29, Ala.Code 1975, requires a statement from the claimant that contains
“a full and complete inventory, duly verified by oath, of all his or her personal property, except the- wearing apparel, portraits, pictures, and books specifically exempted from levy and sale, with the value and location of each item of such property, of all money belonging to him or her, whether in his or her possession or held by others for him or her, and of all debts and choses in action belonging to him or her or in which he or she is *1015 beneficially interested, with the value.of each of them;” ,
In the judgment,-the trial court stated that no inquiry into the sufficiency of the description of Gibbons’s personal property was necessary because Gibbons only claimed his wages as exempt. However, “the purpose of the verified statement is to disclose the amount of other personalty subject to process for the benefit of plaintiff, for it in no respect affects defendant’s right to claim as exempt that which is selected by him..- ..” Nunez v. Borden, 226 Ala. 381, 382, 147 So. 166, 167 (1933) (referring to Ala. Code 1923, § 7908, a precursor to § 6-10-37 containing substantially the same language as the current statute). “The purpose of the requirement is to prevent the defendant, while claiming the money garnished as exempt, [from] secreting other personal property, money, or choses in action subject to his debts, and which may be reached by appropriate legal process.” Decatur Mercantile Co. v. Deford, 93 Ala. 347, 349, 9 So. 454, 455 (1891) (referring to Ala.Code 1886, § 2533, a precursor to § 6-10-37 containing substantially the same language as the current statute).
“There should be as much particularity in describing [the inventory of property] — particularly in describing the more important articles of furniture — as would be required in a suit at law claiming their recovery, or in an inventory of a decedent’s estate and effects.” Tonsmire v. Buckland, 88 Ala. 312, 318, 6 So. 904, 907 (1889) (referring to Ala.Code 1886, § 2525, a precursor to § 6-10-29 containing substantially the same language as the current statute). ATCU objected to Gibbons’s description of the personal property by pointing out, for example, that Gibbons failed to describe the location of any of the items of property listed in the inventory submitted with his claim of exemption. In addition, he generally described one item of property merely as “furniture” and another merely as “tools.” ATCU objected to the insufficient 'description of Gibbons’s personal > property in its contest of the claim of exemption. ■ Consequently, ATCU was entitled to a more particularized description of the property.

IT. Exemption of Gibbons’s Wages

Alabama Const.1901, Art. X, § 204, provides:,
“The personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any court, issued for the collection of any debt contracted_”
Section 6-10-1 et seq., Ala,Code 1975, prescribes “the mode or remedy for asserting, ascertaining, contesting, and determining [exemption] claims_” § 6-10-1, Ala.Code 1975. We note that Act No. 2015-:484, Ala; Acts 2015, enacted on June 11, 2015, and codified, in pertinent part, at § 6-10-6.1, Ala.Code 1975, excludes wages from the personal-property exemption under Ala. Const.1901, Art. X, § 204:
“(a) Wages, salaries, or other compensation of a resident are not personal property for the purposes of exemption from garnishment, levy, sale under execution, or other process for the collection of debt.
“(b) It is the intent of this section to exclude from the meaning of personal property the wages, salaries, or other compensation of & resident for the purposes of the personal property ■ exemption under Section 6 — 10—6[, Ala.Code 1975,] and Section 204 of the Constitution of Alabama of 1901.”
*1016 The statutes providing for exemptions also treat wages separately from personal property. Pursuant to § 6-10-6, Ala.Code 1975, a claimant is entitled to a $7,500 personal-property exemption that excludes “wages, salaries, or other compensation,” and the statute further provides that “[n]o wages, salaries, or other compensation shall be exempt except as provided in Section 5-19-15 or Section 6-10-7[, Ala.Code 1975].”[2] Pursuant to § 6-10-7, AIa.Code 1975, a claimant is entitled to an exemption of 75% of his or her wages, salary, and other compensation.[3]
However, “[t]he right of homestead or other exemption shall be governed by the law in force when the debt or demand was created_” § 6-10-1; Ex parte Baldwin Cnty. E. Shore Hosp. Bd., 560 So.2d 1049, 1050 (Ala.1990) (noting that “the law governing exemptions is the law existing at the time the debt was incurred”); see Parker v. Baldwin Cnty. E. Shore Hosp. Bd., Inc., 560 So.2d 1046, 1048-49 (Ala.Civ.App.1989) (holding that legislative enactment excluding wages, salaries, or other compensation from the personal-property exemption in § 6-10-6 could not be applied retrospectively), aff'd, Ex parte Baldwin Cnty. E. Shore Hosp. Bd., supra. Before the enactment of Act No. 2015-484, wages were eligible for inclusion as personal property under the constitutional exemption. See, e.g., Roberts v. Carraway Methodist Med. Ctr., 591 So.2d 870, 871 (Ala.Civ.App.1991) (holding that “[pjersonal property has been determined to include wages” for purposes of Ala. Const.1901, Art. X, § 204). Because Gibbons’s debt was incurred before Act No. 2015-484 was enacted on June 11, 2015, Gibbons was allowed to select his wages as personal property for exemption under Ala. Const. 1901, Art. X, § 204.
In his claim of exemption, Gibbons stated that he typically received $1,000 weekly in wages. In granting Gibbons’s claim, the trial court ruled that “so long as the wages as paid and claimed as exempt are less than $1,000.00 then such exemption is due to be granted.” The judgment thus applies the constitutional exemption to Gibbons’s wages for each of Gibbons’s pay periods in perpetuity. ATCU argues that the exemption granted is excessive and should not be dependent solely on the frequency that Gibbons receives wages. Under the reasoning of the judgment under review, Gibbons’s wages for each of his weekly pay periods are exempt because he receives $1,000 or less in each pay period; however, if Gibbons were paid once a month and received approximately $4,000 in that pay period, only $1,000 of his wages would be exempt. We agree that the constitutional exemption does not apply in this *1017 manner, i.e., dependent upon the frequency of wage receipts. Alabama Const.1901, Art. X, § 204, entitles a claimant to an exemption up “to the value of one thousand dollars” from a process, including a garnishment, “issued for the collection of any debt_” Further, “[n]o claim for exemptions shall exceed the greater of the amounts authorized by the Constitution of 1901, as amended, or required by provisions of federal law.” § 6-10-87. Accordingly, Gibbons was entitled to claim only up to $1,000 in wages as an exemption from garnishment or other process “issued for the collection of’ the ATCU debt.
We note that in Ex parte Avery, 614 So.2d 1380, 1382 (Ala.1987), our supreme court held that “future wages can be claimed as exempt.” A debtor also may assert a new exemption claim under certain circumstances:
“When the exemption has once been claimed, the property selected by the debtor, and allotted to him, so long as he retains it, and it is undiminished in value, he is without right to a further exemption; otherwise double exemptions could be claimed and the whole of his property exhausted, to the prejudice of his creditors. But if the property allotted to him has been taken from him ■without fault on his part, or it has been consumed in maintaining himself or family, a subsequent exemption may be claimed. It is his right to have and hold, at all times, an exemption of personal property of the value of one thousand dollars, of his own selection, free from liability to debts. When the property which he had selected has been lost to him, or has deteriorated in value, without fault on his part, or has been consumed in the maintenance of himself or family, or applied by him to the payment of debts, the right secured to him would be impaired, if he could not select and retain property, notwithstanding the former claim of exemption. The rights of creditors are not impaired, so long as the debtor is not permitted to hold property exceeding in value one thousand dollars.’ ”
Walker v. Williams & Bouler Constr. Co., 46 Ala.App. 337, 341, 241 So.2d 896, 900 (Civ.App.1970)(quoting Weis v. Levy, 69 Ala. 209, 211 (1881)).
In Pruett, the circuit court had granted the claimant an exemption of 75% of her wages pursuant to § 6-10-7 from a garnishment process for the amount of $3,973.45. 140 So.3d at 482. We held that it was the claimant’s right to claim, instead, the constitutional exemption encompassing the entirety of her biweekly wages. Id. at 484-45. The claimant-could exempt the total amount of her wages, $600, pursuant to Ala. Const.1901, Art. X, § 204, because that amount was less than the $1,000 allowed as the constitutional exemption and she did not claim an exemption for any other personal property. We note that Pruett did not involve a claim to exempt future wages or to assert a new exemption to replace a depleted exemption. The holding in Pruett therefore did not address an amount claimed beyond one pay period’s worth of wages. We take this opportunity to clarify that the holding in Pruett does not allow for the application of a reoccurring $1,000 exemption for a claimant’s wages earned during each pay period in perpetuity.
In this case, Gibbons claimed only his wages as exempt under Ala. Const.1901, Art. X, § 204, and he did not attempt to claim as exempt any of his items of personal property. Because the amount of his wages does not exceed $1,000, he is entitled to a constitutional exemption of $1,000 for his wages. Any accumulation of wages exceeding $1,000 is not exempt under Ala. Const.1901, Art. X, § 204, from the pro *1018 cess of garnishment to collect the ATCU debt. See, e.g., Sink v. Advanced Collection Servs., Inc., 607 So.2d 246, 248 (Ala.Civ.App.1992) (holding that claimant was not entitled to exempt an amount more than the $1,000 constitutional exemption). The judgment improperly applied Ala. Const.1901, Art, X, § 204, by exempting all of Gibbons’s wages earned during his current and future pay periods, resulting in an ■ exemption amount exceeding $1,000, from ATCU’s process of garnishment.
For the foregoing reasons, wé reverse the judgment and remand the cause to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. ATCU submitted an affidavit in which its counsel testified that Gibbons "received an *1014 exemption of 75% of his wages, under § 6-10-7[, Ala.Code 1.975,] and 15 U.S.C. § 1673.” This court has previously discussed the “stacking” of the 75% wage exemption under those statutes and the constitutional wage exemption in Ala. Const. 1901, Art. X, § 204. See, e.g., Sink v. Advanced Collection Servs., Inc., 607 So.2d 246, 248 (Ala.Civ.App.1992). ATCU has not raised stacking as an issue on appeal, and the effect of the 75% wage exemption for Gibbons is unclear from this record.

. Act No. 88-294, Ala. Acts 1988, established that wages are excluded from the exemption under § 6-10-6. Roberts v. Carraway Methodist Med. Ctr., 591 So.2d 870 (Ala.Civ.App.1991). Act No. 2015-484 amended § 6-10-6 by raising the personal-property exemption from $3,000 to $7,500.

. Section 5-19-15, Ala.Code 1975, provides the following exemption regarding garnishments for a judgment on a consumer-credit transaction:
"[T]he amount of unpaid earnings of the debtor subject to garnishment shall not exceed the lesser of:
"(1) Twenty-five percent of the debtor’s disposable earnings for that week; or
"(2) The amount by which the debtor's disposable earnings for that week exceed 30 times the federal minimum hourly wage in effect when payable.
" ‘Disposable earnings’ means that part of the earnings of a debtor remaining after deduction of amounts required by law to be withheld, and disposable earnings shall not include periodic payments pursuant to a pension, retirement, or disability program.”