MOORE, Judge.
In appeal number 2160188, Lenita Merrida appeals from a judgment entered by the Mobile Circuit Court ("the circuit court") in case number CV-11-963 to the extent that it limited her constitutional wage exemption, see Ala. Const. 1901 (Off. Recomp.), Art. X, § 204, to the first $1,000 in wages that she earns. In appeal number 2160189, Samantha Nettles appeals from a judgment entered by the circuit court in case number CV-16-59 to the extent that it also limited her constitutional wage exemption to the first $1,000 in wages that she earns. We have consolidated the appeals for the purpose of issuing one opinion.
Procedural History
Appeal Number 2160188
On June 18, 2013, a judgment was entered by the circuit court in favor of Credit Acceptance Corporation ("Credit Acceptance") and against Merrida in the amount of $10,469.89, plus costs. Credit Acceptance subsequently filed an application for a writ of garnishment seeking to garnish Merrida's wages. On January 20, 2016, Merrida filed a verified declaration and claim of exemptions stating, in pertinent part:
"Pursuant to Ala. Const. Art. X, § 204, I claim as exempt from garnishment or any other legal process for the collection of debts, all of my wages from my employment with the garnishee. After my employer took out taxes, social security, and any other garnishment, my net biweekly wages per paycheck average $500. I use all of my income per paycheck as I get it to pay current expenses necessary to maintain myself and my family. I do not have any accumulation of wages from paycheck to paycheck."
After a hearing, the circuit court entered a judgment on August 12, 2016, stating, in pertinent part:
"It is ORDERED that the garnishment directed to [Merrida's employer] is STAYED temporarily from this date until such time as [Merrida] has earned $1,000.00 in gross wages. Upon ... Merrida's gross wages reaching the exemption maximum of $1,000.00, the Garnishee ... shall reinstate the garnishment, withhold the requested sums, and forward same to the Clerk of Court until the judgment in this matter is satisfied.
On September 10, 2016, Merrida filed a "motion to reconsider"; that motion was denied on October 31, 2016. Merrida filed her notice of appeal on December 9, 2016.
*1251 Appeal Number 2160189
On May 18, 2011, the Mobile District Court ("the district court") entered a judgment in favor of Credit Acceptance and against Nettles for $13,529.53, plus court costs. Credit Acceptance subsequently filed an application for a writ of garnishment seeking to garnish Nettles's wages. Nettles filed a verified declaration and claim of exemptions stating, in pertinent part:
"After my employer took out taxes, social security, and any other garnishment, my net biweekly wages per paycheck averaged [$]424.00. I am currently on maternity leave until mid Feb 2016 and my earnings are 0. I use all of my income per paycheck as I get it to pay current expenses necessary to maintain myself and my family. I do not have any accumulation of wages from paycheck to paycheck."
On March 7, 2016, the district court entered a judgment stating, in pertinent part:
"It is further ORDERED that the garnishment is hereby STAYED temporarily from this date until such time as [Nettles] earns $1,000.00 in gross wages. Upon [Nettles's] gross wages reaching the exemptions maximum of $1,000.00, [Nettles's employer] shall reinstate the garnishment, withhold the requested sums and forward same to the Clerk of Court until the judgment in this matter is satisfied."
On March 10, 2016, Nettles appealed from the district court to the circuit court.
On August 22, 2016, the circuit court entered a judgment stating, in pertinent part:
"[I]t is ORDERED that the garnishment directed to [Nettles's employer] is STAYED temporarily from this date until such time as ... Nettles has earned $1,000.00 in gross wages. Upon [Nettles's] gross wages reaching the exemption maximum of $1,000.00, [Nettles's employer] ... shall reinstate the garnishment, withhold the requested sums, and forward same to the Clerk of Court until the judgment in this matter is satisfied."
On September 21, 2016, Nettles filed a "motion to reconsider" the circuit court's judgment. That motion was denied on October 31, 2016. On December 9, 2016, Nettles filed her notice of appeal.
Discussion
On appeal, Merrida and Nettles both argue that the circuit court erred in limiting their constitutional wage exemption to the first $1,000 in wages that each of them earn. According to Merrida and Nettles, because they expend the entirety of their wages for the support of their respective families and because they do not ever have an accumulation of $1,000 in wages, they should be able to claim the entirety of their wages as exempt under Ala. Const. 1901 (Off. Recomp.), Art. X, § 204.
Section 204 provides, in pertinent part, that "[t]he personal property of any resident of this state to the value of one thousand dollars, to be selected by such resident, shall be exempt from sale or execution, or other process of any court, issued for the collection of any debt contracted ...."
Although "Act No. 2015-484, Ala. Acts 2015, enacted on June 11, 2015, and codified, in pertinent part, at § 6-10-6.1, Ala. Code 1975, excludes wages from the personal-property exemption under Ala. Const. 1901, Art. X, § 204," Alabama Telco Credit Union v. Gibbons, 195 So.3d 1012, 1015 (Ala. Civ. App. 2015), "[b]ecause [Merrida's and Nettles's respective] debt[s were] incurred before Act No. 2015-484 *1252 was enacted on June 11, 2015, [Merrida and Nettles were] allowed to select [their] wages as personal property for exemption under Ala. Const. 1901, Art. X, § 204." Id. at 1016.
In Walker v. Williams & Bouler Construction Co., 46 Ala.App. 337, 341, 241 So.2d 896, 900 (Civ. 1970), this court addressed the issue whether, "after having had the benefit of the full thousand dollar exemption from withheld wages, the employee can claim the same over and over again"; this court explained:
" 'When the exemption has once been claimed, the property selected by the debtor, and allotted to him, so long as he retains it, and it is undiminished in value, he is without right to a further exemption; otherwise double exemptions could be claimed and the whole of his property exhausted, to the prejudice of his creditors. But if the property allotted to him has been taken from him without fault on his part, or it has been consumed in maintaining himself or family, a subsequent exemption may be claimed. It is his right to have and hold, at all times, an exemption of personal property of the value of one thousand dollars, of his own selection, free from liability to debts. When the property which he had selected has been lost to him, or has deteriorated in value, without fault on his part, or has been consumed in the maintenance of himself or family, or applied by him to the payment of debts, the right secured to him would be impaired, if he could not select and retain property, notwithstanding the former claim of exemption. The rights of creditors are not impaired, so long as the debtor is not permitted to hold property exceeding in value one thousand dollars.' "
Id. (quoting Weis v. Levy, 69 Ala. 209, 211 (1881), citing in turn Alabama Conference v. Vaughan, 54 Ala. 443 (1875) ) (emphasis added).
Furthermore, our supreme court has recognized: "The purpose of the exemption laws is to protect the debtor and his [or her] family from being deprived of the items necessary for subsistence, and possibly to prevent them from becoming a burden upon the public." Ex parte Avery, 514 So.2d 1380, 1382 (Ala. 1987). Therefore, "exemption laws must be liberally construed." Id. Applying that construction, our supreme court held that "future wages can be claimed as exempt." Id.
In Pruett v. Worldwide Asset Purchasing, LLC, 140 So.3d 481, 484 (Ala. Civ. App. 2013), this court held that, "[b]ecause Pruett's claimed exemption of the entirety of her wages does not exceed the $1,000 exemption provided in § 204," Pruett was entitled to an exemption of the entirety of her wages. Subsequently, in Alabama Telco Credit Union v. Gibbons, this court limited the holding in Pruett, stating that "[a]ny accumulation of wages exceeding $1,000 is not exempt under Ala. Const. 1901, Art. X, § 204, from the process of garnishment," 195 So.3d at 1017, because it would "result[ ] in an exemption amount exceeding $1,000." Id. at 1018.
In the present cases, Merrida and Nettles averred that their respective wages are less than $1,000 per pay period, that they spend the entirety of their wages for the maintenance of themselves and their families, and that they do not have an accumulation of wages over $1,000. The prohibition in Gibbons of an "accumulation" of wages in excess of $1,000 is inapplicable here. Instead, we find the reasoning in Walker to be controlling in these cases. Because Merrida's and Nettles's wages are " 'consumed in the maintenance of [them] or [their] famil[ies], ... the right secured to [them] would be impaired, if [they] could not select and retain property, *1253 notwithstanding the former claim of exemption. The rights of [Credit Acceptance] are not impaired, so long as [Merrida and Nettles] [are] not permitted to hold property exceeding in value one thousand dollars.' " Walker, 46 Ala.App. at 341, 241 So.2d at 900 (quoting Weis, 69 Ala. at 211 ). Because Merrida and Nettles both averred that they do not accumulate more than $1,000 in wages, they are entitled to claim the entirety of their wages each pay period "over and over again," Walker, 46 Ala.App. at 341, 241 So.2d at 900, until such time as they accumulate more than $1,000.
Based on the foregoing, we conclude that the circuit court erred in limiting Merrida's and Nettles's constitutional exemptions to the first $1,000 in wages that they earn. Therefore, we reverse the circuit court's judgments and remand each of these causes for the entry of a judgment in accordance with this opinion.
2160188-REVERSED AND REMANDED WITH INSTRUCTIONS.
2160189-REVERSED AND REMANDED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.