THOMPSON, Presiding Judge.
North Alabama Real Estate Group, LLC ("NAREG"), appeals from a judgment of the Madison Circuit Court ("the circuit court") dismissing the writ of garnishment it had received against Alejandro Pineda.
The record indicates the following. NAREG filed an unlawful-detainer action against Pineda in the Madison District Court ("the district court") on August 1, 2015, in which NAREG sought possession of residential rental property and damages.
*721 Before the trial, Pineda agreed to vacate the property. On January 13, 2016, after a trial on the issue of damages, the district court entered a judgment against Pineda and awarded NAREG $9,162.50, plus court costs. The judgment had not been paid five months later, so on June 22, 2016, NAREG filed its application for a writ of garnishment in the district court. The district court granted the application and issued the writ on June 23, 2016. Pineda responded by filing a motion to stay the garnishment and a verified declaration and claim of exemption. In his claim of exemption, Pineda asserted that his wages were approximately $300 each week and were exempt from garnishment pursuant to Article 10, § 204, of the Alabama Constitution of 1901 ("§ 204"). NAREG challenged Pineda's claim of exemption, contending that Pineda was entitled to a one-time-only exemption of $1,000 and that the constitutional exemption of $1,000 in personal property did not include wages. Pineda then moved to dismiss the garnishment. In response, NAREG moved to deny the motion to dismiss.
On September 2, 2016, the district court entered a judgment determining that Pineda was entitled to a single $1,000 exemption, after which 25% of his net income was to be withheld from future wages. Pineda timely appealed the district court's determination to the circuit court.
On October 25, 2016, in response to a joint motion of the parties, the circuit court stayed the writ of garnishment the district court had issued on June 23, 2016. On April 6, 2017, Pineda filed a motion in the circuit court again seeking the dismissal of the garnishment. He also submitted a trial brief to the circuit court, in which he argued that § 6-10-6.1, Ala. Code 1975, was unconstitutional. On April 7, 2017, NAREG moved to deny Pineda's motion to dismiss.
A hearing was held on April 10, 2017, during which the parties presented their arguments to the circuit court. A transcript of the hearing is not included in the record on appeal, but the parties agree that no evidence was submitted during that hearing. On April 17, 2017, the circuit court entered a judgment determining that Pineda was "entitled to a one time exemption of $1,000" and that, thereafter, he was "entitled to claim future wages as exempt up to 75% of each paycheck." The circuit court ordered Pineda's employer to withhold 25% of Pineda's net income from future income, pursuant to the writ of garnishment.
On May 15, 2017, Pineda filed a "motion to reconsider" in the circuit court, pursuant to Rule 59(e), Ala. R. Civ. P.[1] In his postjudgment motion, Pineda advised the circuit court of this court's opinion in Merrida v. Credit Acceptance Corp., 238 So. 3d 1249 (Ala. Civ. App. 2017), which had been issued less than 30 days after the circuit court's judgment of April 17, 2017. Pineda relied on Merrida for its holding that, because the employees in the two cases addressed in that opinion averred that they did "not accumulate more than $1,000 in wages, they [were] entitled to claim the entirety of their wages each pay period 'over and over again,' ... until such time as they accumulated more than $1,000." Id. at 1253 (quoting *722 Walker v. Williams & Bouler Constr. Co., 46 Ala. App. 337, 341, 241 So.2d 896, 900 (Ala. Civ. App. 1970) ).
NAREG responded to Pineda's "motion to reconsider," arguing that, pursuant to § 6-10-6.1, which became effective before NAREG's unlawful-detainer action against Pineda was filed on August 1, 2015, Pineda was barred from claiming wages as personal property subject to constitutional exemption.
On May 17, 2017, the circuit court entered a judgment dismissing the writ of garnishment. The circuit court did not elaborate on its decision. On June 13, 2017, NAREG filed a "motion to reconsider"[2] the dismissal of the garnishment. That motion was denied by operation of law on September 11, 2017. NAREG appealed to this court on September 15, 2017.
NAREG contends that the circuit court erred by not applying § 6-10-6.1 to preclude Pineda from claiming his wages as personal property " 'over and over again.' " Merrida, 238 So. 3d at 1253. That statute provides:
"(a) Wages, salaries, or other compensation of a resident are not personal property for the purposes of exemption from garnishment, levy, sale under execution, or other process for the collection of debt.
"(b) It is the intent of this section to exclude from the meaning of personal property the wages, salaries, or other compensation of a resident for the purposes of the personal property exemption under Section 6 - 10-6 and Section 204 of the Constitution of Alabama of 1901."
In Alabama Telco Credit Union v. Gibbons, 195 So.3d 1012, 1016 (Ala. Civ. App. 2015), this court explained that,
"[b]efore the enactment of Act No. 2015-484 [codified in pertinent part at § 6-10-6.1 ], wages were eligible for inclusion as personal property under the constitutional exemption. See, e.g., Roberts v. Carraway Methodist Med. Ctr., 591 So.2d 870, 871 (Ala. Civ. App. 1991) (holding that '[p]ersonal property has been determined to include wages' for purposes of Ala. Const. 1901, Art. X, § 204 ). Because Gibbons's debt was incurred before Act No. 2015-484 was enacted on June 11, 2015, Gibbons was allowed to select his wages as personal property for exemption under Ala. Const. 1901, Art. X, § 204."
(Emphasis added.)
Similarly, in Merrida, this court recognized that " '[b]ecause [Merrida's and Nettles's respective] debt[s were] incurred before Act No. 2015-484 was enacted on June 11, 2015, [Merrida and Nettles were] allowed to select [their] wages as personal property for exemption under Ala. Const. 1901, Art. X, § 204.' [ Gibbons, 195 So.3d] at 1016." Merrida, 238 So. 3d at 1251-52. It is undisputed that, in this case, the debt subject to garnishment was incurred after June 11, 2015. Thus, this is the first opportunity this court has had to determine, regarding debts incurred after the enactment of § 6-10-6.1, whether wages are eligible for consideration as personal property for purposes of the constitutional exemption from garnishment under § 204.
In his brief on appeal, Pineda raises a number of arguments that the legislature improperly amended the Alabama Constitution of 1901 in enacting § 6-10-6.1 and, further, that the legislature violated the constitutional right given to all Alabama citizens to exempt an accumulation of wages up to $1,000 from garnishment when it passed that statute. Many of the *723 arguments Pineda makes regarding the constitutionality of § 6-10-6.1 appear to have merit and are worthy of consideration. However, in reviewing the record on appeal, we find no indication that either party provided the Alabama Attorney General's Office with notice that the constitutionality of § 6.10-6.1 was being challenged in this case. Additionally, in their respective briefs to this court, neither party refers us to a page in the record demonstrating that the attorney general's office was served with notice of the constitutional challenge.
If the party challenging the constitutionality of a statute fails to serve the attorney general, as required by Ala. Code 1975, § 6-6-227, the trial court has no jurisdiction to decide the constitutional claims. Guy v. Southwest Alabama Council on Alcoholism, 475 So.2d 1190 (Ala. Civ. App. 1985). Moreover, our supreme court has held:
" 'A constitutional issue can be reached by [an appellate] Court only when it has been raised by a party at the trial level and the attorney general has been served pursuant to § 6-6-227 and Rule 44, Ala. R. App. P. When a party challenging the constitutionality of a statute fails to serve the attorney general, the trial court has no jurisdiction to decide the constitutional claim, and any judgment regarding that claim is void.' "
Ex parte Northport Health Serv., Inc., 682 So.2d 52, 55 (Ala. 1996) (quoting Ex parte St. Vincent's Hosp., 652 So.2d 225, 228 (Ala. 1994) ); see also Myers v. Myers, 260 So. 3d 55, 65(Ala. Civ. App. 2018) (same).
In his appellate brief, Pineda states in a footnote, without elaboration or citation to authority, that he is asserting that § 6-10-6.1 is unconstitutional as applied to him. We recognize that § 6-6-227 applies only to facial challenges and not to challenges to the constitutionality of a statute as it applies to an individual. See Mobile Cty. Dep't of Human Res. v. Mims, 666 So.2d 22, 26 (Ala. Civ. App. 1995) (finding "no requirement that the Attorney General's office be served" when Mims challenged the constitutionality of the officials' enforcement of statutes against him, rather than challenging "the constitutionality of the statutes or regulations themselves").
In State v. Adams, 91 So.3d 724, 754 (Ala. Crim. App. 2010), the Alabama Court of Criminal Appeals explained the difference between an "as applied" constitutional challenge to a statute, which is based on the facts of a particular case, and a "facial" constitutional challenge to a statute, which is based on whether the statute is always unconstitutional, regardless of the particular facts. See Weldon v. Ballow, 200 So.3d 654, 659 (Ala. Civ. App. 2015). The arguments that Pineda made in the trial brief he submitted to the circuit court as well as in his brief to this court involve the impropriety of the legislature's attempt to change the meaning of "personal property" in § 204 by statute and not by amending the Alabama Constitution of 1901. Pineda also argued that the legislature violated the separation-of-powers doctrine by improperly taking upon itself the duty of interpreting the Alabama Constitution of 1901 when it declared that wages could not be considered personal property pursuant to § 204. See, Nelson v. Brown, 242 Ala. 515, 519, 7 So.2d 572, 575 (1942) ("[A] legislative attempt to construe statutes is a usurpation of judicial function."). In arguing that the legislature acted unconstitutionally in passing § 6-10-6.1, we cannot say that his argument is an "as applied" challenge to the statute. Instead, Pineda argues that § 6-10-6.1 is unconstitutionally created, which necessarily means that his argument is that the statute is unconstitutional *724 as to everyone, not just as applied to him.
The circuit court did not provide a basis for its determination that, because Pineda never accumulated wages of more than $1,000, he was entitled to claim that his wages were exempt from garnishment in perpetuity or until he accumulated more than $1,000 in wages. However, based on the arguments presented before that court, it appears that the circuit court determined that Pineda was entitled to claim the $1,000 personal-property exemption pursuant to § 204. It also appears that, in reaching its conclusion, the circuit court relied on Merrida, supra, and Gibbons, supra, both of which explicitly note that § 6-10-6.1 was not effective at the time the debts at issue in those cases accrued, and on other opinions issued before the enactment of § 6-10-6.1. Pineda's argument in seeking the dismissal of the writ of garnishment is dependent on a determination that § 6-10-6.1 is unconstitutional. Because he did not serve the attorney general's office with his constitutional challenge to § 6-10-6.1, we have no choice but to conclude that, to the extent the circuit court allowed Pineda to claim that his wages were exempt from garnishment pursuant to § 204, the judgment must be declared void. Ex parte Northport Health Serv., Inc., 682 So.2d at 55 ; Myers, supra.
As a result, we cannot consider the constitutionality of § 6-10-6.1 in determining the propriety of the circuit court's judgment dismissing the writ of garnishment. Despite precedent dating from the Alabama Constitution of 1868 through this court's opinion in Merrida, released in 2017, § 6-10-6.1 now prohibits wages from being considered personal property for purposes of exemption from garnishment under § 204. Therefore, the $1,000 constitutional exemption of Pineda's wages which the circuit court allowed in dismissing the writ of garnishment, is now impermissible. Instead, under the constitutional exemption, Pineda and other laborers and employees are entitled to retain 75% of their wages, salaries, or other compensation, and the garnishee is permitted to retain the remaining 25% until such time as the writ of garnishment is fulfilled. § 6-10-7(a), Ala. Code 1975.
Based on the explicit language of § 6-10-6.1, and based on the arguments presented to the circuit court and to this court, we must conclude that the circuit court erred in dismissing the writ of garnishment. Accordingly, the judgment of the circuit court is reversed. The cause is remanded to the circuit court for entry of a judgment consistent with this opinion.
REVERSED AND REMANDED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

" 'Although the Alabama Rules of Civil Procedure do not talk of "motion[s] to reconsider," [the appellate courts have] consistently treated them as [Rule] 59(e) motions "to alter, amend, or vacate the judgment" when such motions have been made pursuant to the guidelines for post-trial motions as set out in Rule 59 [, Ala. R. Civ. P.]' McAlister v. Deatherage, 523 So.2d 387, 389 n. 1 (Ala. 1988)."
Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549 (Ala. 2003).

See note 1, supra.